## STATE v. LEAKY SHEPARD.

*Forcible Entry—Presence and Possession of Proprietor.*

1. In an indictment for forcible entry, it is not necessary to charge or to show that the proprietor was in the house or present at the time of violent dispossession.

2. If one leaves his dwelling house, for a merely temporary purpose, in charge of a member of the family, he cannot be said in law to have quit the possession, so as to make the unlawful entry of a trespasser an entry in his absence.

(*State* v. *Fort*, 4 Dev. & Bat., 192; *Caldwell*, 2 Jones, 468; *Walker*, 10 Ired., 234; *Ross*, 4 Jones, 315, cited and approved.)

INDICTMENT for Forcible Entry, tried at Fall Term, 1879, of MADISON Superior Court, before *Graves, J.*

The indictment charged the female defendant and others with the offence of forcible entry, and the grand jury found a "true bill" as to her alone. She was convicted on the trial and appealed from the judgment pronounced.

*Attorney General,* for the State.
*Messrs. M. E. Carter* and *J. M. Gudger,* for defendant.

SMITH, C. J. The defendant is charged with forcibly entering the dwelling house of one Matilda Norton and expelling her therefrom, and upon her trial was found guilty. The facts testified to, so far as material to a proper understanding of the points presented in the appeal, are these: The dwelling house was occupied by the said Matilda, and a daughter-in-law resided with her. During her temporary absence, the daughter-in-law remaining at home, the defendant pushed open the door and entered and began to throw the beds and other furniture and effects of the prosecutrix out of the house. Upon the remonstrance of the

daughter-in-law, the defendant agreed not to disturb her goods, and did desist from interfering with them, but continued to throw out such as were the property of the prosecutrix. The latter hearing what was taking place, returned to her house, and attempting to re-enter was confronted at the door by the defendant who with an axe in her hand resisted, swearing she should not come into the house, and did by her violence prevent the prosecutrix from entering. There had been some controversy between the parties about the house, but it had been occupied by the latter for three or more months as her dwelling.

The defendant's counsel asked the court to charge that if the defendant waited and watched until the prosecutrix had gone out, and went in quietly before her return, under a claim of right to the property, she was not guilty of a forcible entry, nor of a forcible detainer, even if she had conducted herself as stated by the witnesses. The court refused to give the instruction, and told the jury in substance that if the conduct of the defendant had been such as the witnesses described, and she had entered the dwelling of the said Matilda, her daughter-in-law being present, and seized and thrown out the goods, and by violence and menace prevented the said Matilda from entering, she was guilty of the offence imputed. The correctness of the exposition of the law is the only question to be considered.

The sanctity of one's dwelling place cannot be violently invaded and wrested from his possession under any pretext or claim of right, real or fancied, and the law extends its protecting power over the houses of its citizens as well during their temporary absence as when they are present. It is a strange proposition that asserts the right of a pretended owner, when the occupant leaves for a brief space and upon the most urgent necessity, to take possession and resist the latter's return, and that his only security against the wrong is to be obtained by his constant personal presence in the

house. Such is not the law, and so the judge properly interpreted and applied it. For the purposes of the indictment the prosecutrix is deemed to have been in actual possession, represented by the member of her family who was present when the forcible entry was made, and this would be the case had she closed the doors with no one else in charge when she left. It is unnecessary to go out of the state in search of authority to support this view of the law.

"In an indictment for a forcible entry," says GASTON, J., in *State* v. *Fort*, 4 Dev. & Bat., 192, "it is not necessary to charge or to show that the proprietor was in the house or present at the time of violent dispossession."

In *State* v. *Caldwell*, 2 Jones 468, the defendant entered the prosecutor's dwelling while he was away, and on his return he found the defendant wrangling with his wife, and his offensive words about their daughter caused the prosecutor to order the defendant out of his house. The defendant at first refused but afterwards went out into the yard where he procured a club and challenged the prosecutor to a fight. The prosecutor was deterred from using force in consequence of the defendant's violence and superior strength. He had been before forbidden to visit the house. BATTLE, J., delivering the opinion, thus defines the law applicable to the defendant's conduct: "The acts of the defendant, from his first entrance into, until his final departure from, the house were one *continuing transaction*, and the presence of the owner during any part of it was sufficient to sustain the charge. If a man leave his dwelling house for a mere temporary purpose, as for instance to attend church, to visit a neighbor, or to work in his own fields, he cannot be said in law to have left it, so as to make the unlawful entry of a trespasser, *an entry in his absence*, and the unlawful and forcible entry will, in contemplation of law, have been in his presence."

So in *State* v. *Walker*, 10 Ired., 234, NASH, J., says: "It

was not necessary in order to constitute the offence intended to be charged that he (the prosecutor) should have been present at the time. The possession of his family was his possession, but their presence was not his presence."

The charge asked for the defendant seems to imply that an entry with force by one claiming, though not possessing. a right to enter, would not involve criminal culpability, and it may have been suggested though not authorized by what is said in *State* v. *Ross,* 4 Jones, 315. Whether that doubt may not be resolved by the statute which declares that " none shall make entry into any lands and tenements, or term for years, but in case where entry is given by the law, and in such case not with strong hand, nor with multitude of people, but only in a peaceable and easy manner; and if any man do to the contray he shall be deemed guilty of a misdemeanor," (Bat. Rev., ch. 49, § 1,) it is not necessary now to enquire. It is sufficient to say the indictment charges an unlawful entry, and in the absence of evidence of a rightful claim it must be assumed not to exist, and an unsustained claim cannot protect the act of violence.

There is no error. This will be certified to the end that sentence be pronounced on the verdict, and it is so ordered.

PER CURIAM.    ·    No error.