STATE v. A. E. CHILDS.

*Indictment for Forcible Trespass—Possession—Instruction.*

1. In the trial of an indictment for forcible trespass, it appeared that defendant purchased ·the lease of a stone quarry from B. the lessee, and entered into possession and began to work it; that thereafter B. acquired the fee simple title to the quarry and in the interval between working hours, and while defendant was absent, entered and moved out defendant's "things" from the quarry. The next morning defendant with several employees, with show of force,·but without a breach of the peace, went to the quarry and entered ; *Held*, that it was error to refuse to charge that, if defendant entered into possession under a contract of sale of B.'s interest, and afterwards B. purchased the fee and entered in the night-time, and when defendant came to work the following day he was forbidden to enter, defendant's entry, under such circumstances, would not be forcible trespass, defendant being in possession of the land.

2. In such case it was error to charge that, if the jury believed the evidence, B. "was in possession,—what the law calls 'possession.' "

INDICTMENT for forcible trespass tried before *Norwood, J.* and a jury at Spring Term, 1896, of FORSYTH Superior Court. The defendant was convicted and appealed. The facts appear in the opinion of Associate Justice MONTGOMERY.

*Attorney General, Messrs. Perrin Busbee* and *Watson & Buxton,* for State.

*Messrs. Jones & Patterson,* for defendant (appellant).

MONTGOMERY, J. : The prosecutor Bennett was lessee of a quarry on the lands of Evans. As rent, Bennett was to pay Evans a certain price for each load of stone quar-

ried and removed. By agreement between Bennett, Evans and the defendant, the defendant bought Bennett's " lift " or right for $20, Bennett to pay to Evans for each load of rock the price agreed upon between Bennett and Evans. The defendant went into possession of the quarry with such implements and tools as were necessary for the business, opened it and began to get out stone and to sell it. It appears that Evans received payment for all the stone that was quarried. While the defendant was absent from the quarry between the hours of work, the prosecutor entered with a force of hands and moved out of the quarry all the " things " of the defendant except some that were in the shop. Bennett had, after the defendant had gone into possession of the quarry and had commenced to get stone, bought in fee simple from Evans the land on which the quarry was situated and had notified the defendant to keep away. The defendant with a force of hands returned to the quarry on the morning after the prosecutor had entered, with show of force, but without any breach of the peace, however.

The indictment is for forcible trespass. The defendant's counsel asked the court to charge the jury : " That if the jury believed the defendant entered into possession as testified to by the prosecutor under a contract of sale of the prosecutor's interest, and that afterwards the prosecutor purchased the fee in the lands and entered in the night-time, and when the defendant came to work the following day and was forbidden to enter, that his entry under these circumstances would not be forcible trespass because such entry of the prosecutor would not support an action for forcible trespass, the defendant being in possession of the land." His Honor declined to give this instruction, and the defendant excepted. The court charged the jury " If you believe the

evidence, prosecutor Bennett was in possession, what the law calls possession." The defendant excepted to this part of the charge. The evidence in the case is somewhat confused but taking it as it appears the defendant was entitled to the instruction asked ; and we are further of the opinion that there was error in that part of the charge of his Honor to which exception was made by the defendant. The possession which the prosecutor had was not such a possession as the law will respect. He took advantage of the interval between the working days or hours of the defendant and made secret entry. His having the fee simple title to the land makes no difference. The title is not in question. The defendant was in possession under a proper lease. The possession of this quarry was in law in the defendant. It is not necessary for a person who has a right to the possession to be at all times personally present on the premises in order that he may be considered in law, as in actual possession. *State* v. *Bryant,* 103 N. C., 436 ; *State* v. *Shepard,* 82 N. C., 614 ; *State* v. *Woodward,* at this Term. And in *State* v. *Caldwell,* 2 Jones, 468, it is said, " If a man leave his dwelling-house for a mere temporary purpose_____he cannot be said, in law, to have left it so as to make the unlawful entry of a trespasser an entry in his absence." The same principle applies to the facts in the case before the Court. The defendant had full and complete possession of the premises —the quarry. The nature of the property—a pit from which stone was quarried—would admit of no other kind of possession. He could not be expected to live there, to sleep there or to be there except in working hours. There was error and there must be a new trial.

New Trial.