Daniel, J.
 

 This is an indictment at common law for a forcible entry. First, the defendant contended, that the prosecutor never had such a possession of the
 
 locus in quo,
 
 as could be violated by a forcible entry. The defendant’s father (under whom we must
 
 take it he
 
 acted) wa's in the year 1841 in the quiet possession of this land, and cultivated the pine trees thereon in extracting turpentine from them. A dispute as to the title or boundary of this land having arisen between the prosecutor and the defendant’s father, they submitted it by rule of Court to arbitration. The arbitrators awarded the land to the prosecutor, but, before the award was returned into Court, to wit, in the month of March, 1842, the usual period for the beginning of the annual work of getting turpentine, the prosecutor, with his hands, entered on the said land and proceeded to cultivate the trees by chipping, &c. as the defendant’s father had done before. The prosecutor and his hands had continued to do so, for a week, unmolested, and were beginning the work of the second week, with another white man and six slaves, when the defendant came with force and expelled them. The defendant at the time said, that he knew the arbitrators had given the land to the prosecutor, but that he intended to
 
 keep the
 
 land and would work the tre.es at the risk of his life. The Court charged the jury, that, if Pollok’s possession had been put an end to in any way, and the prosecutor had actually entered upon and occupied the premises in the manner described, it was a sufficient possession for the purpose of this indictment ; and that it was not necessary the prosecutor should
 
 *309
 
 shew, that his possession was held under
 
 title
 
 in any other sense, than that it was peaceably held and enjoyed by him, at the time the forcible act was done by the defendant. We do not see any error in this charge. At common law, it is sufficient to prove that the prosecutor was possessed of the land, and that the defendant entered with such force and violence, as to exceed a bare trespass.
 
 Wilson's
 
 case, 8 Term Rep. 357. Rep. on Evid. 374.
 

 Secondly,
 
 the Court charged the jury, that personal violence was not necessary to constitute the offence; that, if there was such a shew of force, as to create a reasonable apprehension in the adversary that he must yield to avoid a breach of the peace, and he does so yield, it would be a yielding upon force, and such as would constitute it a forcible trespass. We do not see any error in this part of the charge of his HoNok. The defendant contended, that the offence was not complete, until- some actual breach of the peace had been committed. But the law is, where the party, either by his behaviour or speech, at the time of his entry, gives those, who are in possession, just cause to fear, that he will do them some bodily harm, if they do not give way to him, his entry is esteemed forcible; whether he cause the terror, by taking with him such an unusual number of servants, or by arming himself in such a manner as plainly to indicate a design to back his pretensions by force, or by actually threatening to kill, maim or beat those who continue in possession, or by making use of expressions, which plainly imply a purpose of using force against those who make resistance. Haw. P. C. b. 1, ch. 64, sec. 27. Roscoe on Evid. 377.
 

 Per Curiam, Ordered that this opinion be certified to the Superior Court of Onslow, that it may proceed to judgment accordingly.