Daniel, J.
 

 First,
 
 the defendants moved in arrest of judgment, because the indictment did not charge that the taking of the slave was against
 
 the will
 
 of the prosecutor. It is true, that the indictment must contain an averment of some greater force being used by the defendants, than is expressed by the ordinary words
 
 vi et armis.
 
 But we think that the averments made in this indictment, that the defendants
 
 took the
 
 slave unlawfully, forcibly, and resolutely, and with a strong hand, from, and out of the possession of the prosecutor, (he, the said John Myers, then and there being personally present, and forbidding the same) are sufficient averments.that the taking was against the
 
 will
 
 of the prosecutor j without stating
 
 in totidem verbis,
 
 “ that it was against his will.”
 
 State
 
 v.
 
 Mills,
 
 2 Dev. 420.
 

 Secondly,
 
 we are not able to see that the charge of the judge to the jury was erroneous. The prosecutor was not compelled to prove, that the defendants used actual force, be
 
 *211
 
 fore they could be guilty of the offence charged ; for if the acts of the defendants, in the taking of the slave,
 
 tended
 
 to a breach of the peace, they were as much guilty of a forcible trespass, as if an actual breach of the peace had taken place. We know the law to be, that where a person enters on land in the possession of another, and then, either by his behavior or speech, gives those who are in possession just cause of fear, that he will do them some bodily harm, if they do not give way to him, his entry is considered forcible, and therefore indictable.
 
 State
 
 v.
 
 Pollok,
 
 4 Iredell, 305. In the case of the
 
 State
 
 v. Fisher, 1 Dev. 504, it was held, that the number of actors — three—by whom the prosecutor was overawed, and prevented from resisting, made their acts an indictable trespass; and that the civility with which they apparently demeaned themselves, while in truth, they intended at all events to take by force, if necessary, the property from the possessor, would not diminish their guilt, since acts of extreme violence, as robberies and burglaries, are often committed under civil appearances or fraudulent pretences. The defendants here take possession of the slave, in the manner mentioned in the case ; the prosecutor (an old enfeebled man) demanded of the defendants that the slave should be given up to him, which they refused to do, and carried him away by means of their superior force. The judge told the jury, that if Myers was restrained from insisting on his rights, by a conviction that it would be useless, and from a want of physical power to enforce them, and if the defendants carried the slave away from his presence, and against his will, they should find the defendants guilty. We think, that the charge was correct; the prosecutor must have had a just ground for fear. The judgment must be affirmed, and this opinion certified to the Superior Court for Davie county.
 

 Pee. Curiam, Ordered accordingly.