## Andrew J. Pike *vs.* Ivory Witt & another.

The two defendants with a workman went to a tenement in the occupation of the plaintiff, but in which there was no one at the time, and the door of which was fastened with a padlock; demanded the key from the plaintiff's servant; and, on his refusal, ordered their workman to enter the premises through a hole in the floor. The workman did so; and by his assistance, and with the aid of an axe which they brought with them, they removed the padlock, and entered and kept possession of the premises. They used no violence in word or act to the plaintiff's servant. *Held,* that there was not such a forcible entry as would support an action on the Gen. Sts. *c.* 137.

In an action on the Gen. Sts. *c.* 137, to recover possession of a tenement which the plaintiff claimed under a written lease, and which he alleged that the defendants held against his right, the answer was a general denial. *Held,* that evidence offered by the defendants of an oral submission to arbitrators of the question of the plaintiff's right to possession, and of an oral award against him, was not admissible.

ACTION on the Gen. Sts. *c.* 137, against Ivory Witt and George W. Alford, to recover possession of a room in a steam saw mill at Adams, alleged to be held by the defendants unlawfully and against the right of the plaintiff. The answer was a general denial.

At the trial in the superior court, before *Brigham,* C. J., it appeared that the plaintiff, claiming under a written lease from Daniel Carrier, occupied the room from October 1868, and the defendants owned the mill and occupied the remaining part of it; that on March 17, 1869, " the defendants, with a person employed by them as a workman, went to the premises, the doors of which were fastened by an iron clasp and padlock, and demanded of Charles Gilson, a workman in the plaintiff's service, who was at the premises, the key of the padlock, the plaintiff not being present; that Gilson, having there the key in his possession, refused to deliver it to the defendants, who thereupon after directing the workman who accompanied them to enter the

premises through the floor of the same, by means of a hole in the floor, used for throwing out slabs, and after the workman entered the premises as directed, by means of an axe which they brought with them for that purpose, assisted by their workman within the premises, removed the clasp from the doors, and entered the premises, and held them, excluding the plaintiff therefrom, and refusing to permit him to enter, use or occupy the same, although he demanded entrance thereto and claimed the right to use and occupy the same; that the defendants continued so to refuse entrance to, and use and occupancy of the premises, to the plaintiff until the date of the action and thereafterwards; that Gilson did not resist or offer to resist the entry of the defendants into the premises, otherwise than by refusing to deliver to them the key of the padlock; and that the defendants used or offered no language or acts of violence to Gilson, at the time of demanding the key and effecting the entrance into the premises."

The defendants offered evidence to prove that, before their entry, they and the plaintiff made an oral agreement to submit the question, whether they or the plaintiff were entitled to possession of the premises, to three designated arbitrators, and to abide by their award; that in pursuance of said agreement they and the plaintiff stated the question to the arbitrators; and that the arbitrators awarded that the plaintiff had no right to the use and occupation of the premises. But the judge excluded the evidence.

The defendants requested the judge to rule that the evidence in the case did not, as matter of law, prove a forcible entry or forcible detainer, by the defendants, of the premises, and to direct a verdict for the defendants; but the judge refused.

The case was submitted to the jury upon the following instructions as to what constituted a forcible entry and a forcible detainer, to which the defendants took no exception : " To constitute a forcible entry which would support this action, the plaintiff must prove, by a preponderance of evidence, that the defendants entered the premises described in the declaration by actual force accompanied by an exhibition of means of applying such force, or any other acts, demonstrations or declarations

indicating to the plaintiff's workman, in attendance there at the time, their purpose to forcibly enter the premises in spite of any resistance which it was his duty or disposition to make to such forcible entry, and calculated to overpower such disposition. Such acts, demonstrations or declarations must have been in the nature of menaces, by a show of persons appearing to take part in the purpose of entry, or a show of weapons or mechanical means sufficient to alarm said workman, and deter him from maintaining the plaintiff's occupation, because of apprehensions of bodily harm or force by the applications of the defendants to his own person. A forcible entry by merely mechanical force applied against the consent of the plaintiff or his agent there present would not be a forcible entry within the meaning of the law. If the jury find that there was a forcible entry or a forcible detainer, as thus defined, they will find for the plaintiff."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*H. L. Dawes*, (*F. P. Brown* with him,) for the defendants.

*S. W. Bowerman*, for the plaintiff.

CHAPMAN, C. J.   No fault is found, on either side, with the instructions given to the jury as to what constitutes a forcible entry, but they are conceded to be correct. The only question raised is, whether the evidence, as reported, is sufficient in law to authorize the jury to find the defendants guilty.

The premises consist of one room in a steam saw mill, which was in the occupation of the plaintiff, no person being in it, but it was left locked by a padlock, the plaintiff's workman being near the mill and in possession of the key   The defendants owned the mill, and occupied the remaining part of it.   It is admitted that the defendants entered the room, but it is denied that they entered forcibly.   We need to consider the acts and language of the defendants separately and in connection with each other, and apply to them the instructions given to the jury.

It appears that the two defendants went to the mill, taking with them a workman.   This of itself does not constitute the "multitude" or "unusual number" spoken of in the books,

which of itself tends to excite terror. They took with them **an** axe. But as this is a mechanical tool, rather than a weapon to be used in combat, the mere fact that one of three men carries an axe to a saw mill cannot be supposed to excite terror. There must be something in addition to the number of the men and the possession of the axe, to constitute the force mentioned by the learned judge, and this must consist of menace or act. The bill of exceptions states that there was no violence of language or act towards the plaintiff's workman who was at the mill. The defendants demanded of him the key; he refused to deliver it; and they said no more to him. Thus far, there was no force. They then directed their workman to enter the room through the floor by means of a hole used for throwing out slabs; and he entered accordingly. But it is not forcible to enter by drawing a latch or through an open door or window. Bac. Ab. Forcible Entry & Detainer, B. It cannot then be forcible to enter through a hole in the floor. Thus it appears that they directed their servant to enter without force, and he did so. His entry was their entry, and it was completed without force. The removal of a clasp or bolt afterwards, for the purpose of making ingress and egress easy, does not constitute such force as the instructions require to be proved. It amounted merely to mechanical force, applied against the consent of the plaintiff's agent, but not tending to alarm him or to excite apprehensions of bodily harm, and there is no evidence that he felt any alarm or apprehension. And the case finds that the axe was brought for the purpose of being used in removing the clasp. A majority of the court are of opinion that there is nothing in all these facts tending to prove the force required by the instructions to be proved.

The submission and award offered in evidence by the defendants were oral. They related to the right of the plaintiff under a lease for years of real estate, and could not be valid on that ground. Nor had such a defence been alleged in the answer The evidence was rightly excluded.

But on the ground that there was no evidence upon which the jury could legally find that there was a forcible entry, the

*Exceptions are sustained.*