## STATE *v.* ADDISON McADDEN and another.

Where the defendants, two white men, go to the house of the prosecu-tor, a colored man, and one of them claims a cow, (asserting his pur-pose to carry the cow away,) then in possession of and claimed by the prosecutor who protests against the defendant's taking the cow ; and while the latter has gone to a neighbor's to procure evidence to prove his title, the defendants drive the cow off ; they are guilty of a forci-ble trespass.

(*State* v. *Fisher*, 1 Dev. 504, cited and approved.)

INDICTMENT, forcible trespass, tried before *Watts, J.,* at Spring Term, 1874, of GRANVILLE Superior Court.

On the trial below the jury found substantially the follow-ing facts :

The prosecutor had in his possession and claimed a certain cow, when the defendants came to his house and McAdden claimed the cow to be his prooerty, asserting his purpose to take possession. Prosecutor insisted that the cow was his, say-ing that he had obtained her of one West, and could prove by West that the cow was his property, and if the defendants

would wait awhile he would go over to West's, who lived near by, and bring him over to where the parties were, and prove that the cow was his.  At this time the cow was in a field belonging to one Wilkerson, who had permitted the prosecutor to place her there.  While the prosecutor was gone after West the defendants drove the cow out of Wilkerson's field, and when the prosecutor returned they had driven her into the road a few yards outside of the field.  Prosecutor pursued defendants and overtook them about 100 or 150 yards beyond the draw bars through which they had driven the cow.  The defendants did not have the cow tied or confined in any way; they were simply driving her before them.  When the prosecutor got in sight he called to defendants and asked them to desist from driving his cow away, and when he got up to them he again demanded that they should desist from driving off his cow.  Defendants refused and drove the cow away.

His Honor, upon the foregoing facts, being of opinion that the defendants were not guilty, gave judgment accordingly, from which judgment Solicitor Cox appealed for the State.

*Attorney General Hargrove*, for the State.
No counsel in this Court for defendants.

READE, J.  There were two of the defendants, and so far as appears, the prosecutor was alone.  The force was therefore overpowering, supposing there was nothing to render it so but numbers; but it is stated that the prosecutor was a colored man, and as it is not stated that the defendants are colored, we assume that they are white, and we know that the feeling of subjection of the colored to the white race was calculated to add to the force of numbers.  And the fact that the prosecutor did not offer resistance, although he strenuously insisted upon his right to the cow, and followed the defendants, forbidding them to take the cow, shows that he was put in fear.

It is not stated why his Honor held the defendants not guilty; and it may be that he was influenced by the fact that

the defendants got the actual possession of the cow while the prosecutor had stepped off to get a witness to prove his title. But that makes no difference, because the prosecutor returned and in their presence forbid them to drive off the cow. So that they did take the cow out of the possession of the prosecutor, in his presence with a strong hand.

There is error. This will be certified to the end that the Court below may pronounce the judgment of the law as upon a verdict of guilty. *State* v. *Fisher* and *Simpson*, 1 Dev. Rep. 504.

PER CURIAM.                    Judgment accordingly.