## STATE v. W. J. HINSON.

### *Forcible Trespass—Judge's Charge.*

1. In forcible trespass, it was in proof that the defendant rode into the yard of prosecutrix after being forbidden by her, and asked where her husband was; she ordered him off; but he remained, cursing her and her husband; she told him a second time to leave, and that if he did not, she would call Mr. D., when the defendant left; *Held*, that the facts constitute a case of forcible trespass.

2. Upon the trial in such case, the defendant asked the court to charge, "that before the jury can convict, they must find that he entered with a display of weapons, or other force;" and the court told the jury, "there must be a sufficient display of force to intimidate, or such as was calculated to produce a breach of the peace, and they must judge from all the facts whether there had been a sufficient display of force to intimidate"; *Held*, no error, and a substantial compliance with the instruction asked.

(*Com'rs of Newbern* v. *Dawson*, 10 Ired., 436; *Burton* v. *March*, 6 Jones, 409; *State* v. *Neville, Ib.*, 423; *State* v. *Brantly*, 63 N. C., 518; *State* v. *Scott*, 64 N. C., 586, cited and approved.)

INDICTMENT for Forcible Trespass, tried at Spring Term, 1880, of MECKLENBURG Superior Court, before *McKoy, J.*

STATE *v.* HINSON.

The case had been tried in the inferior court of Mecklenburg, and upon the conviction of the defendant he appealed to the superior court.   Upon examination of the record and after argument, the judge held that there was no error and affirmed the judgment below, and the defendant appealed to this court.

*Attorney General,* for the State.

*Messrs. Jones & Johnston,* for defendant, cited *State* v. *King,* 74 N. C., 177.

ASHE, J. The facts of the case are, that on the first of October, 1880, one Elizabeth Holbrooks, wife of W. J. Holbrooks, in the absence of her husband, was sitting in the door of her house, when the defendant rode up and she forbade him from coming into the yard, but he rode into it and hallowed and asked where was Holbrooks.   She told him she guessed he knew where he was, and for him to leave.   The defendant said, " yes, d—n him, I have sent him to jail, and I intend to send him to the penitentiary," and that he had come by to give her a d—n cursing, and did curse her, and remained until she told him again to leave; that if he did not, she would call Mr. Douglas, when he turned and rode off.

On the trial in the inferior court, the defendant's counsel asked the following instructions to the jury:

1. That there is no evidence in the case tending to convict the defendant of the crime of forcible trespass as charged in the bill of indictment.

2. That bare words, however severe or violent, do not constitute the offence of forcible trespass.

3. That before the jury can find the defendant guilty, they must first find that he entered with a strong hand accompanied with a display of weapons or other force.

The court declined to give these instructions to the jury,

but charged them that there must be a sufficient display of force to intimidate, or such as was calculated to produce a breach of the peace, and that they must judge from all the facts whether there had been a sufficient display of force to intimidate.

The inferior court committed no error in refusing the first instruction, for we are of the opinion the facts of the case made out a clear case of forcible trespass.

Its ruling on the second instruction was not erroneous, because the instruction asked was not applicable to the facts of the case. The offence charged and proved was not simply the use of offensive language, but the riding into the yard of the prosecutrix against her will, and remaining there cursing her after having been ordered to leave.

Nor do we think there was error in refusing to give the third instruction prayed, in the very language used, for the charge given by the court to the jury was a substantial compliance with the instruction asked. A judge is never required to respond in the very words of an instruction prayed for by counsel. It is sufficient if he substantially meets the matter of law and puts the matter of fact directly to the jury. *Com'rs of Newbern* v. *Dawson*, 10 Ired., 436; *Burton* v. *March*, 6 Jones, 409; *State* v. *Neville, Ib*, 423; *State* v. *Brantly*, 63 N. C., 518; *State* v. *Scott*, 64 N. C., 586.

There is no error. Let this be certified to the superior court of Mecklenburg, that its judgment may be certified to the inferior court of that county, that further proceedings may be had according to law.

PER CURIAM. No error.