STATE v. JERRY JACOBS.

*Forcible Entry—Forcible Trespass.*

1. The offences of forcible entry and forcible trespass are not the same at common law, although nearly allied, for strictly speaking, a forcible trespass applies to personal property, and a forcible entry to land.

2 To constitute either, there must be something more than a mere trespass, and the act must amount to a breach of the peace, although it need not amount to one of great public violence or terror.

(*State* v. *Pollock,* 4 Ired., 305, cited and approved).

INDICTMENT, tried before *MacRae, Judge,* and a jury, at December Term, 1885, of RICHMOND Superior Court.

The charge in the indictment was, that the defendant, on the 30th day of November, A. D., 1885, with force and arms and with a strong hand, did enter the dwelling house of one Margaret Ives, against the will of the said Margaret Ives, she being then and there present and forbidding him to do so, against the peace and dignity of the State.

On the trial, the prosecutrix was introduced as a witness on the part of the State, and she testified, that on the night of the 30th of November, 1885, about ten o'clock at night, the defendant came to her house in the county of Richmond, where she resided, "rearing and charging," cursing and swearing, and threatening to kill her. She did not forbid him, because she was afraid so stay. He came to the house calling for the witness, broke down the door, entered the house, and made a great noise, knocking over the furniture, &c.

At the time of his approaching the house, there were in it, Mr. Floyd and his wife, Mr. DeBerry, her two daughters and herself, but they all fled upon his approach.

Floyd, examined by the State, corroborated the testimony of Margaret Ives. He testified, that he and DeBerry, upon discovering that the defendant was coming to the house, put out the fire, fastened the door, and went out and sat behind the garden, about twenty-five yards from the house; that defendant went to the house, swearing, and declaring "that he was not afraid of no d—d man or woman; just as leave die to-night as not"; kicked the door down, went in, and fell over something and broke his leg.

There was some further testimony offered by the State, but it is not material. The defendant was found guilty. There was judgment against him, from which he appealed.

*Attorney General,* for the State.
*Messrs. Platt D. Walker* and *John D. Shaw,* for the defendant.

ASHE, J., (after stating the facts).    On the night of the 30th of November, 1885, a number of people, men and women, were quietly assembled at the house of a Mrs. Ives, and at the late hour of 10 o'clock, the peace and quiet of the household was disturbed, by the approach of this formidable defendant, with curses and threats of vengeance and death against the occupant of the house.    Such was the terrible order of his coming, that all the inmates of the house fled panic-stricken therefrom; and betook themselves to places of concealment and safety.    The door had been barred, but that formed no impediment to the furious onslaught of the redoubtable knight-errant.    He kicked down the door, entered the house, and fell over something, by which his leg was unfortunately broken, instead of his neck, and yet it is seriously contended before us, that he is guilty of no offence.

In the Court below, his Honor treated the case as an indictment for a forcible trespass, and although forcible trespass and forcible entry, at common law, are distinct offences, yet nearly allied, and although we are not prepared to say that the indictment in this case may not be upheld as one for a forcible trespass, it is certainly a good indictment at common law for a forcible entry.    A forcible trespass, strictly speaking, applies to personal property, and a forcible entry to lands and tenements.    To constitute either an indictable offence, there must be something more than a mere trespass; there must be some act that amounts to a breach of the peace.    But it is not necessary that the act should be one of great public violence or terror, for it is established, that an entry into a house or garden, though no one be therein, with such actual violence as amounts to a public breach of the peace, expressed in law to be " with force and arms and a strong hand;" for example, threatening violence, or breaking open a door, or bringing a multitude of attendants, with unusual weapons, is an offence indictable at common law, as a forcible entry.    1 Hawk. Pleas of the Crown, §26; *Langdon* v. *Potter*, 3 Mass., 215; *Harding case*, 1 Green, 22; *Burnett* v. *State*, 4 Rich, 340, and

*State* v. *Pollock*, 4 Ired., 405, which, without relying upon any other authority, is decisive of this case. It was there held, where a party entering on land in possession of another, either by his behavior or speech, gives those who are in possession, just cause to fear that he will do them some bodily harm, if they do not give way to him, his entry is esteemed forcible, whether he cause the terror by carrying with him such an unusual number of attendants, or by arming himself in such a manner as plainly to intimate his design to back his pretensions by force, or by *actually threatening to kill, maim, or beat* those who continue in possession, or by making use of expression plainly implying a purpose of using force against those who make resistance.

Our opinion is there was no error. Let this be certified to the Superior Court of Richmond county, that the case may be proceeded with in conformity to this opinion and the law.

No error.                                             Affirmed. ·