STATE v. A. BRYANT et al.* ,

*Forcible Entry, under The Code, § 1028—Essentials of Bill of Indictment under § 1028—Actual Possession—Attempted Entry.*

1. The essential element of the offence of *forcible entry*, under *The Code*, § 1028, is, that the lands, &c., must be in the *actual* possession of him whose possession is charged to have been interfered with, and a bill is defective which fails to charge such a possession.

2. To constitute actual possession, there must be an actual exercise of authority and control over the land. either in person or by the family or servants of the person alleged to be in possession. He need not at all times be personally present on the premises.

3. A charge in the indictment that the prosecutor was "seized in his demesne as of fee," &c., of land, is not a sufficient charge of possession under *The Code*, § 1028.

4. An ineffectual attempt to make such an entry as is forbidden by *The Code*, § 1028, is not punishable under that section, although it might constitute another offence.

CRIMINAL ACTION, tried before *Avery, J.,* at Spring Term, 1888, of NASH Superior Court.

The indictment charges that B. F. Amerson " was seized in his demesne as of fee of and in a certain tract of land, situate and being in the county of Nash, and State aforesaid, with the appurtenances thereof, and the said B. F. Amerson, being so seized thereof as aforesaid, A. Bryant, S. P. Gill and J. W. Murray, in the county of Nash and State aforesaid, afterwards, to-wit, on the fifteenth day of September, 1887, into the said land and appurtenances, with force and arms, with strong hand and with multitude of people, unlawfully and wilfully did make entry, contrary to the statute in such cases made and provided, and against the peace and dignity of the State."

---

*AVERY, J., did not sit in this case.

The defendants moved to quash the same on the ground that it did not charge " that the prosecutor was in possession when the entry was made." The Court allowed the motion, gave judgment for the defendants, and the Solicitor for the State, having excepted, appealed to this Court.

*The Attorney General*, for the State.
*Messrs. Bunn & Battle*, for the defendant.

MERRIMON, J. (after stating the case). An essential element of the offence of *forcible entry*, as defined by the statute (*The Code*, sec. 1028), is that the " lands and tenements, or term of years," must be not simply in the constructive, but in the actual possession of the person whose possession is charged to have been interfered with. It is the invasion of such actual possession with strong hand or a multitude of people, or a degree of force greater than a simple trespass, that tends to produce a breach of the peace, whether it actually does so or not, that makes up a constituent part of this offence. By actual possession is not meant that the person having it is continuously present in person on the land, but that he actually exercises authority and control over it, whether personally present or not—as by having it cultivated or used for some purpose by his family or servants.

Hence, it must be charged in the indictment, by apt words, that the person whose possession has been disturbed was in the possession of the land at the time of the entry; that he was expelled therefrom, &c. Otherwise, the offence would not be charged.

In the indictment in question, it is not charged that the prosecutor was in possession of the land, and that he was expelled therefrom, &c. It was, therefore, properly quashed. The offence was not sufficiently charged.

It was suggested on the argument, that the charge that the prosecutor was " seized," &c., sufficiently charged his

possession of the land. Such was not its purpose or effect. It charged the nature of the estate, the relation of the prosecutor to it, and embraced only such possession as was necessarily incident to it, but not necessarily actual possession— it might be constructive possession only. Besides, it is not charged that the defendant was in possession at the time of the entry, or that it was consummated by his expulsion therefrom. By *entry* is meant taking possession by forcible means, indicated by the statute, and the offence is not complete until such entry is made. An ineffectual attempt to make such entry might constitute another different offence. *State* v. *Mills,* 2 Dev., 420 ; *State* v. *Pollock,* 4 Ired., 305; *State* v. *Jacobs,* 94 N. C., 950 ; *State* v. *Walker,* 10 Ired., 234 ; *State* v. *Caldwell,* 2 Jones, 469; Bish. on Cr. Law, sec. 484; Ros. Cr. Ev., sec. 536 ; Whar. Pre. Indts. and Pleas, 492.

No error.                                    Affirmed.