THE STATE v. J. A. DAVIS et al.

*Forcible Entry.*

Where the defendant and four others, one with a crow-bar, after declaring their purpose, and being forbidden by the prosecutor, went to a shop, one hundred yards away, and broke open the door and took possession, they were guilty of a forcible entry, and this though the prosecutor had leased the shop from defendant, and upon the expiration of the term, without surrendering the possession, had leased for another term from defendant's co-tenant.

INDICTMENT for forcible entry, tried before *Graves, J.,* at Spring Term, 1891, of IREDELL Superior Court.

It is found by the special verdict that the prosecutor was in possession and daily use of a blacksmith shop; that he had come from his home that morning intending to work in the shop that day, and while standing at a mill, about one hundred yards from the shop the defendant Davis, with a crowbar, and the other four defendants, came down to a point halfway between the mill and the shop; that leaving the other defendants there, Davis approached the prosecutor and demanded the key of the shop, which was refused, and Davis

then indicated his purpose to open it by force, and prosecutor forbade it. The defendants then went to the shop, prized the door open, threw down a part of the chimney, displaced the bellows, and took possession. The prosecutor had rented the shop for two years from defendant Davis, but the term having expired, he had, without surrendering possession, leased the premises from one Morrison, who was a cotenant of the premises with Davis; that while defendants were at the shop, the prosecutor's son was present at the shop. The prosecutor himself went to the miller's house, in seventy-five yards of the shop; he testified that he was not afraid of the defendants, but did not go to the shop because he feared it might lead to a difficulty.

The Court adjudged the defendants not guilty on the special verdict.

*The Attorney General*, for the State.

*Messrs. Bingham & Caldwell* (by brief), for defendants.

CLARK, J.—after stating the facts: The question was discussed before us whether this was a case of forcible entry or forcible trespass. In *State* v. *Jacobs*, 94 N. C., 950, attention is called to the fact that forcible trespass applies to personal property and forcible entry to land, but the distinction has not always been adverted to, and it is not very material what the offence is called in argument if the indictment sufficiently charges a violation of the criminal law and it is proven by evidence. *State* v. *Evans*, 27 N. C., 603; *State* v. *Dunn*, at this term.

To constitute either offence, there must be either actual violence used or such demonstration of force as was calculated to intimidate or tend to a breach of the peace. It is not necessary that the party be actually "put in fear." *State* v. *Pearman*, 61 N. C., 371. It is sufficient if there is such a demonstration of force as to create a reasonable apprehen-

sion that the party in possession must yield to avoid a breach of the peace. *State* v. *Pollok*, 26 N. C., 305; *State* v. *Armfield*, 27 N. C., 207. Such demonstration of force may be a "multitude" or by weapons. *State* v. *Ray*, 32 N. C., 29, citing *State* v. *Flowers*, 6 N. C., 225; *State* v. *Mills*, 13 N. C., 555.

The statute (*The Code*, § 1028) provides " no one shall make entry into any lands and tenements or term for years but in case where entry is given by law; and in such case not with strong hand nor with a multitude of people, but only in a peaceable and easy manner; and if any man do the contrary, he shall be guilty of a misdemeanor." The same in effect was the common law rule, "where the entry is lawful it must not be made with a strong hand or with a number of assailants; where it is not lawful, it must not be done at all." 2 Whart. Crim. Law, (9th Ed.) 1093. Following the analogy as to riots three persons have been held enough to support the averment of a "multitude." *State* v. *Simpson*, 12 N. C., 504. If a breach of the peace did not actually take place it was doubtless due to the defendant Davis' declaration of his purpose to enter, backed with a sufficient fore to accomplish it, in spite of the prohibition of the prosecutor. *State* v. *Smith*, 100 N. C., 466.

The prosecutor need not have been on the exact spot; that he did not get closer than seventy-five yards was, he says, to avoid a breach of the peace. The defendants had shown themselves able by their numbers to render his closer approach of no avail. He forbade them, and in effect was present. In *State* v. *Lawson*, 98 N. C., 759, it was held that where the prosecutor was fifty or seventy-five yards distant when he forbade the entry, and the defendants persisted notwithstanding in making such entry, they were guilty; that it was not necessary for the party in possession to be on the very spot. Besides, in this case the son of the prosecutor, after the prohibition to the defendants given by his father, was present at the shop when being forced open by

them.   The title to the premises could not be called in question.   The offence is the high-handed invasion of the *possession* of another, though such other need not be at all times personally present on the premises if in actual exercise of authority and control over the same (*State* v. *Bryant,* 103 N. C., 436), and if present in person or by some member of his family at the time of the entry and forbidding it.

It is true that when the premises are withheld by one having a bare charge, or custody, as a servant or a mere trespasser or intruder, the owner may break open doors and forcibly enter if unnecessary force is not used.   Whart. Cr. Law, 1087; 1 Russ. Crimes (9th Ed.), 420; 2 Bish. Cr. Law, 501.   But a landlord who violently dispossesses a tenant whose lease has expired is guilty of forcible entry (Whart. Cr. Law (9th Ed.), 1087), and a co-tenant may commit the offence of forcible entry if the other co-tenant is in possession and resists.   2 Bish. Cr. Law, 501.   So whether the prosecutor is treated as a tenant holding over or as the lessee of the co-tenant the taking the shop out of his possession by a multitude of persons in the manner stated, he being present and forbidding, made the defendants guilty.

This case differs from *State* v. *Mills,* 104 N. C., 905, which is relied on by the defendants.   In *State* v. *Mills* the defendant, accompanied only by an old negro man, went to the house and entered against remonstrance of the prosecutor, but without violence, or the display of weapons, of numbers or other signs of force calculated to intimidate or create a breach of the peace, and the Court held, citing *State* v. *Covington,* 70 N. C., 71, and *State* v. *Lloyd,* 85 N. C., 573, that " mere rudeness of language or slight demonstrations of force against which ordinary firmness is a sufficient protection," was not indictable.   Hence, though there the prosecutor left to avoid a breach of the peace, the demonstration of force was not sufficient ground for such apprehension.   Here there were five men, one of them armed with a crow-bar.   The

language and conduct of the defendants indicated their purpose to take possession of the shop by force, though the prosecutor forbade them. This case differs also from *State* v. *Laney*, 87 N. C., 535, in that there, though the entry was made by numbers, there was no one *present and forbidding* the entry, hence no danger of a breach of the peace by such entry, still the Court intimated strongly that the defendants in that case were guilty of the forcible detainer.

Upon the special verdict, the Court should have rendered judgment against the defendants.

Error.