STATE v. E. L. WEBSTER, R. B. WEBSTER and DON BUCHANAN.

*Indictment for Forcible Trespass—Practice—"Broadside" Exception—Trial—Title.*

1. A "broadside," or general, exception to the refusal of the trial Judge "to give the instructions as asked, and for instructions given," will not be considered in this Court.

2. As forcible trespass is essentially an offence against the *possession* of another and does not depend upon the title, it is proper to exclude evidence of title in defendants on trial under an indictment for such offence.

3. While to constitute forcible trespass the possessor must be present and forbidding or objecting, it is not necessary that he should be present all the time. It is sufficient if he is present before the trespass is *completed* which, if continued, becomes forcible after being forbidden even if not so in its incipiency.

4. Where, on the trial of an indictment for forcible trespass, it appeared that defendants went upon the prosecutor's premises and demanded certain machinery in his possession, which was refused, and that next morning they began to take down the machinery in the prosecutor's absence but about an hour afterwards he came and ordered them to stop, whereupon one of them assaulted him and they continued the work until stopped by an officer; *Held*, that the trial Judge properly left to the determination of the jury the question as to who was in possession and instructed them that if defendants were in possession they should be acquitted, otherwise they were guilty.

INDICTMENT for forcible trespass, tried before *Allen, J.,* and a jury at Spring Term, 1897, of CHATHAM Superior Court.

STATE *v.* WEBSTER.

The facts appear in the opinion.    The defendants were convicted and appealed.

Mr. *Zeb V. Walser*, Attorney General, and *Messrs. Womack & Hayes* for the State.

*Messrs. Murchison & Calvert*, for defendants (appellants).

DOUGLAS, J.:  This is a criminal action charging the three defendants with forcible entry and trespass.    There was a verdict of guilty as to two of the defendants, third defendant not having been taken.    The convicted defendants appealed, assigning as error the exclusion of certain testimony tending to show title in the defendants, and for the refusal of the Court "to give the instructions he asked, and for instructions given."    We think that the defendants' prayers for instruction which were not given by the Court, were properly refused; and we cannot consider the "broadside exception" to the charge as given.    This principle is too well settled to need the citation of the long line of authorities, and it is sufficient to say that it was re-affirmed in three different cases at the last term of this Court:    In *Hampton* v. *Railroad,* 120 N. C., 534; *Burnett* v. *Railway Co.,* Ibid, 517; *State* v. *Moore,* Ibid, 570.    This rule becomes the more imperative as we ourselves fail to see any substantial error in the charge.    The entire evidence, taken as a whole, discloses every element of the offence for which the defendants were convicted.    The testimony offered by them as to the contract of April, 1896, if admitted, would have been of no avail, as forcible trespass is essentially an offence against the *possession* of another, and does not depend upon the title. *State*   v.   *Bennett,*   20   N.   C.,   43;   *State*   v.   *McCauless,* 31 N. C., 375; *State* v. *Davis,* 109 N. C., 809.    The defendant, E. L. Webster himself, testified that he and the prosecutor, Thomas, had some kind of a contract in April, 1896, for the purchase of the property; that there was a dispute

about the terms; that they (defendants) went to see Thomas on December 28, the day before the offence was committed, and offered to him the mortgage and balance due according to their interpretation of the contract, which was refused; that Thomas refused to settle or do anything until he could see his lawyer; that next morning they went over and began taking down the machinery, and were there about an hour when Thomas came and objected; and that after being *forbidden* they kept on until stopped by an officer. Thomas had testified that he had ordered the defendants to stop tearing down his property and that the defendant, R. B. Webster, ran at him with an iron wrench about twelve or fourteen inches long, and struck him; and this testimony was not contradicted by the defendants.

Thomas appears to have been in possession of the property, even if he were not at all times personally present at the exact spot. *State* v. *Bryant*, 103 N. C., 436.

His refusal to give up the property on the preceding day was equivalent to forbidding the defendant to take it. *State* v. *McAdden*, 71 N. C., 207. Admitting the peaceable entry of the defendants, their violent and unlawful conduct after being ordered to leave by the prosecutor makes them guilty of the offence. *State* v. *Wilson*, 94 N. C., 839; *State* v. *Talbot*, 97 N. C., 494; *State* v. *Lawson*, 98 N. C., 759; *State* v. *Gray*, 109 N. C., 790.

While to constitute forcible trespass the possessor must be present and forbidding and objecting, it is not necessary that he should be present all the time. It is sufficient if he is present before the trespass is completed, which, if continued, becomes forcible after being forbidden, even if not so in its incipiency. The defendants were three in number; they took the property with a "strong hand," and one of them actually assaulted the prosecutor with what may have been a deadly weapon. *State* v. *Lawson, supra; State* v. *Davis,*

*supra; State* v. *Gray, supra; State* v. *Woodward*, 119 N. C., 836. Their conduct not only strongly tended to a breach of the peace, but actually produced it. The Court left the question as to who was in possession to the jury, and instructed them that if the defendants were in possession, they should be acquitted. As no error appears to us, the judgment is affirmed.

Affirmed.