STATE v. JOHN LAWSON and WILLIAM CHEATHAM.

(Decided November 29, 1898.)

*Forcible Entry and Detainer—Forcible Trespass—Former Acquittal.*

1. The only distinction between Forcible Trespass and Forcible Entry and Detainer is that the former is as to personal property, and the latter as to realty, which distinction is not always observed. *State* v. *Davis*, 109 N. C., 809.

2. It is not necessary that the party shall be actually put in fear—it is sufficient if there is such a demonstration of force as to create a reasonable apprehension that the party in possession must yield to avoid a breach of the peace. The demonstration of force may be by numbers or by weapons.

3. In an indictment for Forcible Entry and Detainer the plea of former acquittal will be sustained by proof of an acquittal in a prosecution for Forcible Trespass for this same transaction in respect to the same land.

INDICTMENT for Forcible Entry and Detainer, tried before *Coble, J.*, at April Term, 1898, of STOKES Superior Court.

The defendants with one William Collins were included in the indictment for Forcible Entry and Detainer of the premises of the prosecutor.   All the defendants pleaded not guilty—and Lawson and Collins pleaded, in addition, former acquittal.

The Solicitor for the State admitted that this is the same transaction for which Lawson and Collins were indicted and tried at last term of the court under an indictment for forcible trespass and a verdict of not guilty rendered.

These two defendants then asked his Honor to direct the jury to find their plea of former acquittal in their favor.

His Honor declined, and they excepted.   At the conclusion of the State's testimony, the defendant's demurred *ore tenus* to the evidence and asked his Honor to instruct the jury that there was no evidence to warrant a verdict of guilty—which his Honor declined, and the defendants excepted.

Verdict of not guilty as to Collins; and of guilty as to Lawson and Cheatham.   Judgment as to them and appeal.

The evidence is sufficiently stated in the opinion.

*Mr. A. M. Stack*, for appellants.
*Mr. Zeb V. Walser, Attorney General*, for the State.

CLARK, J.: Cheatham, Lawson and Collins are indicted for forcible entry and detainer.   Lawson and Collins pleaded former acquittal, as well as not guilty. The Solicitor admitted that they had been tried for for-

cible trespass at last term for this same transaction and acquitted. The Court erred in refusing the prayer of defendants, Lawson and Collins, to instruct the jury to sustain the plea of former acquittal as to them, though the jury cured this as to Collins by acquitting him. It is true the same act with an additional circumstance, may be an offence against two statutes (*State* v. *Stevens*, 114 N. C., 873; *State* v. *Robinson*, 116 N. C., 1047) but the only distinction between forcible trespass and forcible entry and detainer, is that the former is as to personal property and the latter as to realty, which distinction is not always observed. *State* v. *Davis*, 109 N. C., 809. There being in evidence nothing of personal property, on the admission of the Solicitor that it was "the same transaction" we must take it that it was the same offence. *State* v. *Nash*, 86 N. C., 650.

The defendant Cheatham further contends it was error to refuse the prayer for instruction that there was no evidence to warrant a conviction as to him. There was evidence by the State that the prosecuting witness was in possession of the land, had sowed rye thereon and in March the three defendants came on the land and began plowing up the rye, that he was not present when they entered but when he learned of it he went where the defendants were and ordered them to desist, but they refused and went on and plowed up the rye and he was "afraid to say much to them" and did not stay long; that they worked there that day and Cheatham held and worked the land that year. In the defendant's evidence it appeared that they three went on the land with plow, hoe, axe and mattock and acted as prosecutor stated. It is true defendants denied possession of the land by prosecutor and asserted that there was no demonstration of force. Upon this conflict of evidence

the Court properly submitted the case to the jury and we presume under proper instruction, as the charge is not sent up, not being excepted to. The appearance of defendants in such force, with axe, mattock, hoe and plow, with the avowed and executed purpose to plow up the rye the prosecutor had sown and in spite of his personal protest was reasonably calculated to put him in fear and he says he was in fact put in fear, was "afraid to say much" and left the invading host in possession then and for the balance of the year, which was some evidence of the truth of his statement.

Indeed in *State* v. *Davis*, 109 N. C., 809, it is said, "It is not necessary that the party shall be actually put in fear. *State* v. *Pearman*, 61 N. C., 371. It is sufficient if there is such demonstration of force as to create a reasonable apprehension that the party in possession must yield to avoid a breach of the peace. *State* v. *Pollock*, 26 N. C., 305; *State* v. *Armfield*, 27 N. C., 207. Such demonstration of force may be a 'multitude' or by weapons. *State* v. *Ray*, 32 N. C., 29, citing *State* v. *Flowers*, 6 N. C., 225; *State* v. *Mills*, 13 N. C., 555." It was not necessary that the prosecutor should be present at the very moment of entry, he could not be present at every point in his premises. The defendants did not enter with his permission and when he found they were there he ordered them off, but relying on their numbers they intimidated him and remained in forcible possession. *State* v. *Webster*, 121 N. C., 586; *State* v. *Woodward*, 119 N. C., 836; *State* v. *Davis*, supra; *State* v. *Lawson*, 98 N. C., 759.

The defendant Cheatham further relies on *State* v. *Simpson*, 12 N. C., 504, that the entry of three though without violence (if against the prohibition of the party in possession who is present) is a sufficient demonstra-

tion of force, and that Lawson and Collins having been acquitted on a former trial he alone could have been present on this occasion, and there being no physical violence, threats or weapons he could not be guilty. But this case must be tried by the evidence in this case, and by the evidence of the State, and indeed according to defendant's own evidence all three defendants were present. If in the former trial, Lawson and Collins had been convicted that verdict could not have been produced on this trial against Cheatham to prove that two others were present. *E converso* the verdict of acquittal can not be produced in Cheatham's favor as evidence that they were not present. The former verdict of acquittal as to them may have been procured by absence of witnesses or for other reasons. It can have no bearing in this case which depends upon the evidence of the transaction itself as laid before this jury. It is available to Lawson and Collins, but not to Cheatham who was not a party to it. A similar case and ruling is that in indictments for fornication and adultery, though that is necessarily an offence committed by two, if the parties are tried at different times or even at the same time, the acquittal of one is not a bar to the conviction of the other, as there may be more evidence against one, as his or her confession for instance, which would not be evidence against the other (if not made in that other's presence). *State* v. *Cutshall*, 109 N. C., 764 (at page 771).

Besides there may be a demonstration of force by less than three. *State* v. *McAden*, 71 N. C., 207.

For failure to give the instruction asked upon the plea of former acquittal there must be a new trial as to Lawson.

There is no error as to Cheatham.