STATE v. GEORGE ROBBINS, ALLEN ROBBINS and WILLIAM HUNT.

(Decided December 6, 1898.)

*Forcible   Entry   and   Detainer—Indictment—Separate Counts—General Verdict—Tenancy.*

1. Where a tenant in possession, through intimidation or indifference, did not forbid the entry of parties taking possession, and the landlord learning of the entry, went the same day and ordered them off, and they refused to go, and plowed up the land, the entry became forcible after being forbidden, if not so at the beginning.

2. Separate indictments, and at different terms, may be treated as different counts in the same bill, if germane.

3. Where the transaction, alleged in different counts, was one and the same, the possession in one stated as the possession of the landlord, and in the other the possession being stated as that of the tenant, the two counts were not repugnant, but were a mere statement of the same transaction to meet the different phases of proof; and the Court properly refused to quash, or to require the Solicitor to elect, or to arrest judgment.

4. While the possession is *sub modo* in the tenant, yet it remains in the landlord certainly to the extent that he can warn off trespassers and intruders.

5. Where there are two counts, a general verdict of guilty is such verdict as to both, and will sustain the judgment, even though there was error in the instruction as to one, provided the other was unexceptionable.

INDICTMENT for forcible entry and detainer, tried before *Allen*, *J.*, at July Term, 1898, of the Superior Court of RANDOLPH County.

There was a verdict of guilty; judgment, and appeal. The bill of indictment is as follows:

### BILL OF INDICTMENT.

First count.    Personal property.    The jurors for the State on their oath present: That George Robbins, Allen Robbins and William Hunt, late of the county of Randolph, on the 1st day of November, 1897, at and in the said county, with force and arms, and with a strong hand unlawfully, violently, forcibly and injuriously, did enter into and upon the premises, viz, of Caroline Haroldson, the same being then and there in the peaceable possession of one Caroline Haroldson, and that the above-named defendants with force and arms, and with a strong hand, unlawfully, violently, forcibly and injuriously, after so entering as aforesaid, did remain on the said premises, committing the acts following, that is to say, cursing, swearing and threatening to tear down the house of said Caroline Haroldson, being armed with an axe.    She, the said Caroline Haroldson, being then and there personally present and forbidding the said defendants to enter and remain as aforesaid, to the great damage of her, the aforesaid Caroline Haroldson, and to the said example of all others in like cases offending, and against the peace and dignity of the State.

HOLTON, *Solicitor.*

Second count.    Realty.    And the jurors for the State upon their oaths present: That George Robbins, Allen Robbins, and William Hunt, late of the County of Randolph, on the first day of November, 1897, at and in the said county, with force and arms, and with a strong hand, unlawfully, violently, forcibly and injuriously, did enter into and upon the premises, viz, of Betsy Black, the same being then and there in the peaceable possession of Betsy Black, and that the above-named defendants, with force and arms, and with a strong hand, unlawfully, violently, forcibly and injuriously, after so entering as aforesaid, did remain upon the said premises, committing the acts following, that is to say, cursing, declaring that they would take possession, having axes and clubs.    She, the said Betsy Black, being then and there personally present, and forbidding the said defendants to enter and remain as aforesaid, to the great damage of her, the said Betsy Black, and to the said example of all others in like cases offending, and against the peace and dignity of the State.

HOLTON, *Solicitor.*

On the back of the above *"first count"* was endorsed as follows:   "A true bill.   R. E. Mendenhall, foreman grand jury."   On the paper marked "second count," there was no endorsement.   The two papers were pinned together.

The following statement of the cases was filed and served upon the State's Solicitor in due time, to which the said Solicitor did not except or file any counter case.

DEFENDANT'S CASE ON APPEAL.

This was an indictment for forcible trespass tried at July Term, 1898, of the Superior Court of Randolph

County, before his Honor, *O. H. Allen*, Judge presiding.

Upon the call of the case the defendants moved to quash the bill of indictment, a copy of which is hereto attached as a part of this case and marked Exhibit "A," for the reason that the bill of indictment showed to be two bills of indictment which were repugnant to each other. His Honor overruled the motion and defendants excepted. Defendants then moved to quash the bill of indictment because the two counts, if they were counts as held by the Court, were repugnant to each other, constituting two offences repugnant to each other. Motion overruled and defendants excepted.

The defendants moved to quash the first count for the reason that it was a distinct bill of indictment signed by the Solicitor, and no return thereon by the grand jury. Motion overruled and defendants excepted.

Mrs. Haroldson, the prosecutrix, testified for the State: They went on and sowed wheat on my land in October; George Robbins, Allen Robbins and Hunt; George told them to go on, it was his land; LaFayette Briles was present; I was there at 12 o'clock; I told them not to plow any more; I had forbidden them before; Betsy Black was there in possession of the premises, and had been for two years as my tenant. The State then proposed to ask the witness how long she had been the owner and in possession of the land. The defendant objected to this question on the grounds title or length of time of peaceable possession had nothing to do with the offence of forcible trespass. Objection overruled. Defendants excepted.

The witness then testified: "I have had it in peaceable possession for seventeen years; George Robbins ordered me off; said it was his land; cut limbs off the

trees; sold him eighty-two pines off the same land."

Cross-examined: "Betsy Black was in possession as my tenant; has been some surveying done; I was summoned before the Clerk; these men were in there plowing when I got there."

Betsy Black testified for the State: "I was there living in the house close to three years; was in possession of house and land; Mr. Robbins came that morning to sow the wheat; had implements; Mrs. Haroldson came at noon and ordered them to go off her land; no fussing; I did not say anything to him or them; I was afraid to forbid them when they first came; I was present; they plowed up some turnips."

"I was not afraid of them that day; I said I was afraid to order them out because that was not my business; he did not ask permission; I did not give him leave; I asked him if he was going to take possession." Here State rested.

Defendants then moved to compel the State to elect on the two counts for the reason that they were repugnant, charging two different offences. Motions overruled and defendants excepted.

George Robbins, one of the defendants, testified in his own behalf: "Betsy Black and her son Tom were living on the place; both Betsy and Tom told me to sow the wheat there; I saw my counsel and he told me I could sow the wheat if I was not forbidden; I went ahead of the boys and told Betsy I had come to sow the wheat if there was no objection; she said go ahead, and I went ahead sowing; at dinner Mrs. Haroldson came and forbid me; I called for an axe to trim up some fruit trees; Betsy gave it to me and I trimmed the trees."

Cross-examined: "I did not own the land at the time I bought the pine trees; I bought it afterwards." Several witnesses here testified to the good character of de-

fendant, George Robbins, and other witnesses corroborated the State and the defendant, and the case closed.

The Judge charged the jury among other things: "That if the defendants went upon the premises then in possession of Betsy Black and Tom Black, peaceably and by their permission, and their possession was as tenants of Mrs. Haroldson, and afterwards Mrs. Haroldson, the landlady, came, and in the presence of the tenants, ordered them from the premises and they refused to go, and their numbers or conduct was such as was calculated to put them in fear, they would be guilty. That the possession of the tenant was the possesion of the landlord. The jury returned a verdict of guilty.

Defendants moved an arrest of judgment on the grounds that the two counts in the bill were repugnant. Motion overruled. Defendants excepted. The defendants then moved for a new trial, assigning as a reason:

1. That the Judge erred in overruling the several motions to quash, as set out in this case.

2. That the Judge erred in overruling the motion to compel the State to elect on the counts in the bill of indictment, as set forth in this case.

3. That the Judge erred in permitting the testimony for the State objected to by the defendants.

4. That the Judge erred in his charge to the jury.

5. That the Judge erred in not arresting the judgment for the reasons set out in this case.

Motion for new trial overruled and defendants excepted.

Judgment that the defendants pay a fine of one dollar each and the costs.

The defendants appeal to the Supreme Court in open court. Notice of appeal waived. Appeal bond fixed at

twenty-five dollars.    Appearance bond in the same amount as before.

By agreement in open court defendants are to have 30 days to serve case on appeal, and State 30 days thereafter to serve counter case or exceptions.

WILEY RUSH,
*Attorney for Defendants.*

*Mr. Wiley Rush*, for appellants.
*Mr. Zeb V. Walser, Attorney General*, for the State.

CLARK, J.: The indictment consisted of two papers pinned together and returned into Court as one bill, the two charges, being numbered, first count and second count. We see nothing objectionable in this.    Even if they had been returned as separate indictments and at different terms, they could be treated as different counts in the same bill, if germane.    *State* v. *Perry*, 122 N. C., 1018.

The charge in the first count was forcible entry and detainer upon the premises in the peaceable possession of Caroline Haroldson, and the second count was for the same offence upon the premises in possession of Betsy Black.    The transaction alleged was one and the same, Mrs. Haroldson being the landlord, and Betsy Black her tenant.    The court properly refused to quash, or to compel the solicitor to elect, or to arrest judgment, for the two counts were not repugnant, but "a mere statement of the same transaction to meet the different phases of proof."    *State* v. *Harris*, 106 N. C., 682, and numerous precedents cited at page 686.    In *State* v. *Eason*, 70 N. C., 88, the indictment for forcible entry and detainer was sustained, though there were four counts laying the possession in different persons.

The State showed by the testimony of the prosecutrix that she was the owner and in possession of the prem-

ises, and had been such for seventeen years. It was not necessary to prove this much, as proof of peaceable possession (by one not a mere intruder or trespasser himself) would have been sufficient, but we do not see how the defendant was hurt by proving more than was necessary.

The court charged the jury, "If the defendant went upon the premises, then in possession of Betsy Black and Tom Black, peaceably and by their permission, and their possession was as tenants of Mrs. Haroldson, and afterwards Mrs. Haroldson, the landlord came, and in the presence of the tenants, ordered the defendants from the premises and they refused to go, and their numbers or conduct was such as was calculated to put her in fear, they would be guilty. The possession of the tenant was the possession of the landlord." In this there was no error. The possession is *sub modo* in the tenant, but it remains in the landlord certainly to the extent that he can warn off intruders and trespassers. The defendants were not mere visitors on premises by consent of the tenant, but took possession, plowing the land up under claim of ownership against the landlord in possession. They could not avoid an action of ejectment of this forcible way of taking possession. The tenant could not give such intruders the right of possession by actual attornment, still less could he do so, as here, by silence that was caused by intimidation, as the tenant stated on the direct examination, or by indifference, as intimated on the cross examination.

The prosecutrix was not at the precise point of entry at the identical moment; she could not be everywhere, but went the same day, on learning of the entry, and

123—47

ordered the defendants off, and they refused to go and plowed up the land. The entry became forcible after being forbidden, if not so in its beginning. *State* v. *Webster*, 121 N. C., 586; *State* v. *Lawson*, at this term, and cases there cited. The entry of three persons, their remaining and plowing up the land after being forbidden by the landlord, a woman, was sufficient force. *State* v. *McAden*, 71 N. C., 207; *State* v. *Armfield*, 27 N. C., 207; *State* v. *Pollock*, 26 N. C., 305, and other cases cited in *State* v. *Lawson*, at this term.

There were two counts and a general verdict on both, which is a verdict of guilty on each (*State* v. *Cross*, 106 N. C., 650) as the defendants did not exercise their right to require a separate verdict on each count. There being no exception as to the other count the verdict thereon would have sustained the judgment, even had there been error in the instruction on this count, it being surplusage. *State* v. *Toole*, 106 N. C., 736, which has been cited and approved in *State* v. *Brady*, 107 N. C., 882; *State* v. *Hall*, 108 N. C., 776; *State* v. *Edwards*, 113 N. C., 653; *State* v. *Perry*, 122 N. C., 1018, and in other cases.

No error.