STATE v. LEARY.

(Filed September 27, 1904).

1. FORCIBLE ENTRY AND DETAINER—*Prosecutor—The Code, sec. 1028.*

> Where a person, in the absence of the prosecutor, merely unlocked
> and took off the lock put on by the prosecutor and put his own
> lock on, without breaking anything or doing any violence, and
> committed no violence upon the return of the prosecutor, he is
> not guilty of forcible entry and detainer.

2. FORCIBLE ENTRY AND DETAINER.

> Where the possession of the prosecutor in forcible entry and detainer
> is only by sufferance, the prosecution cannot be sustained.

INDICTMENT against A. J. Leary, heard by *Judge G. S. Ferguson* and a jury, at Spring Term, 1904, of the Superior Court of PAMLICO County. From a verdict of guilty and judgment thereon the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Simmons & Ward,* for the defendant.

CLARK, C. J. The defendant was indicted for forcible entry and detainer (The Code, sec. 1028), which differs from forcible trespass in that the entry is committed in the absence of the person claiming possession (*State v. Laney,* 87 N. C., 535), the gist being the forcible entry as well as withholding possession by the strong hand after the return of the party who was in possession. There must be some force or violence in the entry in excess of a simple trespass (*State v. Pollok,* 26 N. C., 305, 42 Am. Dec., 140; *State v. Jacobs,* 94 N. C., 950), and that was not shown by the prosecutrix, whose testimony is that the defendant, in her absence, "unlocked the lock I had put on, and took it off and then put his

own lock on, without breaking anything or doing any damage." Nor was there any violence on the return of the prosecutrix, as in *State v. McCanless,* 31 N. C., 375, which is quoted at length in *State v. Laney, supra,* at page 537. The North Carolina statute (The Code, sec. 1028) is practically a copy of 5 Rich. II., chap. 8; 2 Bishop Cr. Law (7 Ed.), sec. 492. "In order to maintain * * * a criminal prosecution for forcible entry and detainer under the early English statutes, or those of a later time, which are based upon them and are similar in their provisions, it must appear that the plaintiff (person) was deprived of or was kept from the possession of the premises in question by actual force or appearances tending to inspire a just apprehension of violence." 13 Am. & Eng. Ency. (2 Ed.), 757. "A forcible entry is not proved by evidence of a mere trespass; there must be proof of such force, or at least such show of force, as is calculated to prevent any resistance. * * * Drawing a latch and entering a house seems not to be a forcible entry according to the better opinions; so, if a man opens the door with a key, or enter by an open window, or if he enter without the semblance of force, as by coming in peaceably, enticing the one out of possession and afterwards excluding him by shutting the door, without other force, there will not be forcible entry." 2 Bishop Cr. Law, 509; 1 Russell Crimes, 426. "Entering a room in a saw-mill which was in occupation of the plaintiff and locked with a padlock, but in which there was no person at the time of the entry, through a hole in the floor, and afterwards removing a bolt for the purpose of making ingress and egress easy, does not constitute a forcible entry." *Pike v. Witt,* 104 Mass., 595.

Besides, the prosecutrix had no possession save by sufferance. She was the sister-in-law of the widowed daughter of the defendant, and lived, by agreement of the defendant, with his daughter and her children in a house on the defend-

ant's land till some months after the death of the daughter, when the defendant took his grandchildren to his own home. The prosecutrix remained in the house, keeping her household things therein, notwithstanding the defendant's demand for possession, going to a neighbor's to sleep and returning to the house each day. The prosecutrix was not a tenant; the agreement to live with the daughter and children expired after the death of the daughter and the subsequent removal of the children. That under such circumstances the defendant quietly took possession by unlocking the door and putting on a lock of his own, did not make him guilty of forcible entry. He but resumed possession of his own and without force.

Indeed, in *State v. Davis,* 109 N. C., 812, 14 L. R. A., 206, it is said: "When the premises are withheld by one having a bare charge or custody, as a servant or a mere trespasser or intruder, the owner may break open doors and forcibly enter if unnecessary force is not used." It is true it is there further said that a landlord is guilty of forcible entry who violently dispossesses a tenant whose lease has expired, citing Wharton Crim. Law (9 Ed.), 1087. But here the prosecutrix had never been a tenant, and there was no violence. *State v. Mills,* 104 N. C., 907, 17 Am. St. Rep., 706, distinguishing *State v. Hinson,* 83 N. C., 640. In instructing the jury that if they believed the state of facts above recited the defendant was guilty there was

Error.