Daniel, J.
 

 The prosecutrix was quietly in possession of' the premises, under a parol lease then unexpired. She was personally present in the house with her family of children, ‘ when the defendants entered the yard of the house. The judge told the jury, that if the two defendants,- with Elizabeth Tole-ver and Louisa Tolever, (the two latter’ of whom were not? tried) entered the yard with hostile and unkind feelings and manner, against the will of the prosecutrix, to injure or insult her, and there remained against her will and refused to go away when she bid them, and that they had a common pur-' pose in so doing, and abetted each other, such acts would make them guilty of a forcible trespass. An indictment will.'
 
 *454
 
 lie at common law for forcible entry, if it contain such a state ment, as shews that the facts charged amount to more than a bare trespass; as by violently taking and keeping possession jantjs menaces, force and arms, without the authority of the law, 1 Rus. on Crimes, 283, Four persons entered the yard of the nearly defenceless prosecutrix, with a common intent (as the jury have found) to abet each other in injuring and insulting, and actually insulting her with abusive language and gestures, and thrusting from the yard, through her broken door, the carcass of a dead animal. These facts shew that it was more than a bare tresspass. They had a-tendency to alarm some, and cause others to commit breaches of the peace. We think that the charge of the court was correct.
 

 Secondly:
 
 The defendants moved in arrest of judgment, because the offence is not, as they say, charged to have been c'Onrfmitted ill the county of Ashe. The answer is, that the county of Ashe is set forth in the margin of the indictment • and the body of the indictment then proceeds to mention the defendants by name t!of said county,” and that they “into a certain yard and dwelling house,
 
 there
 
 situate and being, and then and
 
 there
 
 in the possession of Polly Long, unlawfully did enter, &c.” The words
 
 ilthere situate and
 
 being” must refer to the county mentioned in the margin of the indictment.
 
 State
 
 v.
 
 Bell,
 
 3 Ired. 506. This motion was properly overruled by the Court. This opinion must be certified to the Superior Court of Law for the county of Ashe.
 

 Per Curiam, Ordered accordingly.