STATE v. ALEXANDER COVINGTON.

To constitute the offence of Forcible Trespass, there must be a "demonstration of force," such as is calculated to intimidate, or put in fear—the law not allowing its aid to be invoked by indictment, for rudeness of language, or even slight demonstration of force, against which ordinary firmness will be sufficient protection.

(Cases of *State* v. *Ray,* 10 Ired. 39; *State* v. *Ross,* 4 Jones, 315; *State* v. *McCanless,* 9 Ired. 375, cited and approved.)

INDICTMENT for forcible trespass, tried before his Honor, *Judge Buxton,* at the Fall Term, 1873, of the Superior Court of RICHMOND County.

The indictment charged the defendant with a forcible trespass on premises in posession of James W. and Thomas K. Farmer, the latter of whom was the only witness.

He testified, that he and his brother James W. had some land rented in 1872, and hired the defendant to work for the year; they were to give him $210 in money, and two acres of old land and as much more as he could clear around his house, (to cultivate for himself.) Defendant worked until the 26th of

July, when he said he was going to quit; that the prosecutors, (the Farmers,) might take it and go with it, and that he would have no more to do with it, giving as a reason, that he was not getting enough. The Farmers thereupon took the land into their own possession, and at fodder pulling time, when they were both in the field, the defendant came and said : " Boys, the fodder is ripe, I am going to pull it and have it, or die." He did pull it, and left.

On his cross-examination the witness said, that the contract was made with defendant before Christmas ; and he was to have commenced work on the 1st of January, but not come until the latter part of the month. The contract was that he was to work all the year, and not merely until laying by crop time ; he was to work in the crop with the prosecutors ; the land was their uncle's, they rented it. The defendant started the conversation alluded to, himself, saying his time was up. They replied, no, the year was not out,—he again said his time was out and he was going to quit. He did quit, leaving his hoe standing up in the field. The crop had not been laid by. No body was with him, when he came to pull the fodder ; they said nothing until he spoke and said, " that is my fodder, I am going to pull it and have it, or die." He was told that it was not his, and that they would try and get protection. He said he did not care for sheriffs, law or anything else ; he hauled the fodder away the same day. When the prosecutors instituted legal proceedings, the defendant brought the fodder back.

The defendant's counsel asked his Honor to charge the jury :

1. That in order to make defendant guilty, he must have entered in such way, and with such an exhibition of force, as was calculated to excite terror and to intimidate.

2. If defendant thought, he had a *bona fide* claim, he was not guilty, even if he took off the property.

3. That there was no evidence of defendant's having been forbidden, and therefore he was not guilty.

4. That, if even the defendant had abandoned the crop, there

was no evidence of sufficient force, to make him guilty of a forcible trespass.

His Honor declined to charge as requested ; and instructed the jury, that if the defendant abandoned the crop on the premises alluded to, there was evidence of sufficient force to warrant a conviction for forcible trespass at common law ; but if defendant had not so abandoned the crop, then the possession was his, and he was not guilty. To this charge, the defendant excepted.

The jury returned a verdict of guilty. Rule for a new trial granted and discharged. Judgment, and appeal by defendant.

*Steele* and *Walker*, for defendant, cited and commented on chap. 17, sec. 237, Bat. Rev. ; *State* v. *Ross*, 4 Jones, 315 ; *State* v. *McCanless*, 9 Ired., 375 ; *The Six Carpenters' case*, Smith's L. C. vol. 1, p. 259 ; Parsons on Contracts, 5th Ed. pp. 575 to 680, inclusive.

*Attorney-General Hargrove*, for the State.

BYNUM, J.   The counsel for the defendant, asked the court below, to instruct the jury that in order to make the defendant guilty, under the indictment, he must have entered in such way, and with such an exhibition of force as was calculated to excite terror and to intimidate ; and further, that even if the defendant had abandoned the crop on the two acres, there was evidence of sufficient force, to render him guilty of forcible trespass.

His Honor refused to give these instructions, but charged the jury, " that if the defendant abandoned the crop on the two acres, there was evidence of sufficient force to warrant a conviction for forcible trespass at common law ;" but that " if he had not abandoned the crop, he could not be convicted."

We think there was error. This Court has repeatedly held that to constitute the offence of forcible trespass, there must be a demonstration of force, as with weapons or multitude of

people, so as to make a breach of the peace, or directly tend to it, or be calculated to intimidate or put in fear. *State* v. *Ray* 10 Ired. 39. *State* v. *Ross*, 4 Jones, 315. *State* v. *McCanless*, 9 Ired. 377.

It is essential to the offence, that there should be a "demonstration of force, which is, perhaps, the best definition of the term " *manu forti* " and its English equivalent, "with strong hand." This demonstration of force is to be distinguished from *bare words*, which however violent, cannot of themselves constitute the force necessary to complete the offence. Words accompanied by a display of weapons, or other signs of force, may constitute the offence, or words accompanied by numbers, may be sufficient, but in either case, there must be some outward act as distinguished from bare words, which are often only the exhibition of harmless passion, and do not by themselves, constitute a breach of the peace. To complete the offence, there must not only be a demonstration of force, but it must be also such as is calculated to intimidate or put in fear. Here, the alleged trespass was committed by one person on the actual possession of two who were both on the spot. Nothing else appearing, the law intends that all men possess ordinary courage and firmness, and that they shall exercise them in the legal protection of their persons and property. The law does not allow its aid to be invoked, by indictment, for rudeness of language, or even slight demonstrations of force, against which ordinary firmness will be a sufficient protection. It is against our material interests and our reason, for one man, by bare words, to drive twenty from the possession of their property, so here, the bare words of one man unaccompanied by any exhibition of force, are not sufficient or calculated to excite terror or to intimidate two men of ordinary courage and firmness, as the law assumes them to be.

As this disposes of the case without reference to the question of abandonment, it is unnecessary to pursue the matter further.

Judgment reversed and *venire de novo*.

PER CURIAM.                              *Venire de novo*.