STATE v. STEPHEN BAREFOOT and others.

*Forcible Trespass—Judge's Charge—One cannot be deputed a special officer to execute civil process.*

1. Forcible trespass is the taking personal property by force, from the possession of another, in his presence; and it is not an essential element of the offence that he should oppose the seizure, if he be overawed by the circumstances of the occasion. If the act be done against the will of the possessor, whether he expressly forbid the taking or not, the offence is consummated.

2. The charge of the judge in reference to the effect of the forbiddance by the wife of the prosecutor in his presence, is not erroneous, under the facts of this case.

3. One of the defendants was *deputed a special officer* to execute the civil process, alluded to in the opinion, but it did not justify him in making the seizure, under the ruling in *Marsh* v. *Williams,* 63 N. C., 371, and the case there cited.

(*State* v. *Sowls,* Phil., 151; *State* v. *Pearman, Ib.,* 371; *State* v. *Armfield,* 5 Ired., 207, cited and approved).

INDICTMENT for forcible trespass tried at Spring Term, 1883, of COLUMBUS Superior Court, before *MacRae, J.*

The indictment is against three defendants, and in substance as follows:

The jurors, &c., present that defendants unlawfully, forcibly, &c., and with a strong hand, did take and carry away, out of the actual possession of J. F. Rushing, a certain hog, against the will of said Rushing, and D. C. Rushing, wife of said J. F. Rushing, the said J. F. Rushing being then and there personally present, forbidding the said defendants so to do, to the great

damages, &c. The facts are stated in the opinion. Verdict of guilty; judgment; appeal by the defendants.

*Attorney-General,* for the State.
*Messrs. French & Norment,* for defendants.

SMITH, C. J. The bill of indictment charges the defendants with the forcible seizure and removal of a hog, in possession of the prosecutor, and against his will, he, with his wife, being personally present and forbidding the same.

The prosecutor's testimony, in conflict with that of two of the defendants, examined on their own behalf, was, in substance, that he met the three defendants in a cart going towards his premises, about one hundred yards distant therefrom, when one of them mentioned that he had a warrant to take the hog, which, at the instance of the witness, was read over to him, but in a manner that it was not understood, when the witness forbade the proposed seizure. Thereupon, another one of the defendants declared that he " would have the hog or skin the witness' d—d head"; that the prosecuting witness then returned to his house, accompanying the defendants, and when they arrived at the pen, the wife of the witness came out, and in the hearing of her husband, also forbade the taking, he remaining silent; and that the hog was then caught and carried away.

The concurring testimony of the defendants examined was, in effect, that the prosecutor, on hearing the warrant of the justice of the peace read, made no objection to its being executed, accompanied them back to his house, and upon his wife's forbidding them, told her that the defendants had a warrant, and to let them proceed and take the hog.

The warrant was produced, and it is only necessary to say that it conveyed no authority to the defendants deputized by the justice to execute it, and is not relied on as furnishing a justification for the seizure.

The defendants' counsel asked the court to give these instructions to the jury:

1. The defendants did not use such force, after the prosecutor forbade them to take the hog, as is necessary to constitute an indictable offence.

2. The forbidding by the wife in her husband's presence and without response from him, did not make a criminal act nor sustain the charge in the bill of indictment.

The instructions were refused, and the court, after recapitulating the testimony of the witnesses, charged the jury that the opposition of the prosecutor to the defendants' avowed purpose to take possession of the hog by force, made known to them where they met, was, under the circumstances, a continuous resistance to their action, and it was not necessary for him to reiterate his words of prohibition; and that when the wife again forbade the taking in her husband's presence and hearing, and without any expression from him of dissent, his acquiescence would be deemed a recognition of her assumed agency to speak for him, and equivalent to his own utterance of her words.

The sole inquiry before the jury was, whether the force used by the defendants was sufficient to make the trespass a criminal and indictable act, and under the directions the defendants were found guilty, and judgment pronounced, from which they appeal.

"Forcible trespass," says PEARSON, C. J., in *State* v. *Sowls*, Phil., 151, "is the taking by force the personal property of another," to which definition READE, J., adds the words, "in his presence." *State* v. *Pearman, Ib.,* 371. The offence is described with more particularity by MANLY, J., in his charge to the jury, approved on appeal in this language: "It was not a necessary constituent of such an offence that the individual whose rights are violated should oppose the seizure or taking away his property by force, provided he was overawed and prevented from doing so by a superior force, and a disinclination to engage in a breach of the peace; nor was it necessary that he should in express language forbid the trespassers, provided the jury be of

opinion that it was against his will; that whenever property is taken by a superior force from the presence of one who is in peaceable possession, and contrary to the will of the possessor, the offence is consummated." *State* v. *Armfield*, 5 Ired., 207.

Nor do we see how the charge of the court, that the act of the wife was equivalent to the act of the husband in resisting the aggression upon his rights of property and possession, could tend to mislead the jury in withdrawing their minds from the testimony of the defendants. The instructions asked and the instructions given are upon the assumed correctness of the prosecutor's testimony, should the jury accept his verson of the transaction. None seem to have been asked or given upon the hypothesis of the belief of the defendants' testimony, or, if given, no objection is made to their correctness.

The whole matter seems to have been fairly left to the jury, and the case shows no assignment of error except in such directions as were predicated upon the testimony of the prosecutor, the credit due to which was left to the jury to determine.

There was no error. Let this be certified.

No error. A ffirmed.