THE STATE v. JOHN E. GRAY.

*Forcible Trespass.*

Where the defendant, who was on horseback, procured from the lady of the house a due bill by asking to see it; put it in his pocket, asserting his intention not to pay it, and when she demanded its return, he used rough language to her and carried it away, and she did not attempt to take it back because she was afraid, he was guilty of forcible trespass.

INDICTMENT for forcible trespass, tried before *Bynum, J.*, at Fall Term, 1891, of BURKE Superior Court.

The jury returned a special verdict in the following words:

"The defendant John Gray stood a horse in Burke County in 1888 and 1889. S. A. Johnson had contracted with him for a season in each of said years at the sum of $10 for each year, the defendant insuring a colt for each year. There was no colt produced for the year 1888, but was for the year 1889. During the year 1888 the defendant boarded with S. A. Johnson, and left without paying his bill, but giving his due bill for the same, payable to the wife of the said S. A. Johnson, in the following words and figures, to-wit:

$5.90 due V. A. Johnson.

To board, five dollars and ninety cents, to be paid 1889, in April or May.

June 28, 1888.

his
JOHN  ✕  E. GRAY.
mark

"In the year 1890 the defendant rode up in the road to the fence surrounding the yard of the said Johnson and called. The wife of Johnson came out in the yard and defendant told her he had come to settle up in full all accounts. Mrs. Johnson then went in the house and got the due bill and went to the fence, remaining on the inside of the yard, defendant remaining on his horse on the outside of the yard. Mrs. Johnson said: 'Your due bill is five dollars and ninety cents, which makes us owe you four dollars and ten cents.' Defendant said, 'Let me see the due bill,' and reached from where he sat on his horse across the fence to Mrs. Johnson, who had the due bill in her hand. She did not refuse to let him take the due bill, as she supposed he wished to see if she had stated the amount correctly. She had, at the time, $4.10 with which to pay the balance for the season of 1889.

Defendant said, 'I have got the due bill now, and have been wanting it for some time,' and put it in his pocket. Mrs. Johnson demanded it back several times, but he refused to give it back, saying he would not allow that due bill on the season of 1889. Mrs. Johnson then called one of her children to go for her husband, when the defendant started to ride off, telling her to tell her husband to meet him in Morganton; that defendant began using rough language to Mrs. Johnson when she demanded the due bill back; that she did not attempt to take it back from defendant, because she was afraid.

"If, upon the finding, the Court is of opinion that the defendant is guilty, then the jury find him guilty. If the Court be of opinion that he is not guilty, then we find him not guilty."

The Court being of opinion that the defendant was not guilty under the findings of fact, so stated to the jury, when the jury returned a verdict of not guilty.

It was adjudged that the defendant be discharged, and the State, having excepted, appealed.

*The Attorney General* and *Mr. S. J. Ervin*, for the State.
*Mr. J. T. Perkins*, for defendant.

CLARK, J.: In *State* v. *Wilson*, 94 N. C., 839, and *State* v. *Talbot*, 97 N. C , 494, it was held that though an entry on land was peaceable and even with permission of the owner, if, after getting upon the premises, the defendant uses violent and abusive language and does acts calculated to intimidate, he is guilty of a forcible entry; that though " not at first a trespasser he became such as soon as he put himself in forcible opposition to the owner."

Apply that to the case before us. The only difference is that here personal property was taken possession of peaceably, but carried off forcibly by intimidation and in a manner calculated to produce a breach of the peace. The defendant,

who was on horseback and who had ridden up to the premises of another, procures possession of a due bill of the lady of the house by asking to see it, he puts it in his pocket, asserting his intention not to pay it, and when she demands it back "he began," the special verdict states, "using rough language to her, and she did not attempt to take it back from him because she was afraid." When she sent one of the children to call her husband, the defendant rode off, carrying the paper with him.

In *State* v. *Barefoot,* 89 N. C., 565, citing *State* v. *Armfield,* 27 N. C., 207, it is held that forcible trespass is the taking personal property by force from the possession of another in his presence, and that it is not essential that the owner should forbid it if taken against his will; and in *State* v. *Pearman,* 61 N. C., 371, it is said that it is not necessary that the owner should actually be put in fear if such taking is in a manner *calculated* to intimidate, alarm or put in fear, or to create a breach of the peace. Here the facts are found that the lady did forbid the carrying off of the property, demanding it back repeatedly, and that she did not attempt to take it back " because she was afraid."

This case differs from *State* v. *King,* 74 N. C., 177, for in that case there was nothing calculated to intimidate or put in fear—no weapon or inequality of force—but bare words only, and it is not made to appear, as in the present case, that the prosecutor did not attempt to retake possession of the goods because deterred by inequality of force or being actually put in fear. This case is more nearly on " all-fours " with *State* v. *McAdden,* 71 N. C., 207, where the defendant was held guilty who got possession of the prosecutor's cow peaceably in his temporary absence, but drove her off after his return against his remonstrance, he not offering actual resistance because of inequality of force. Upon the special verdict, judgment should have been entered against the defendant.

Error.