STATE v. E. S. TUTTLE.

(Filed 27 November, 1907).

**Indictment—Trespass—Mortgage—Cancellation.**

> An indictment of defendant for forcibly obtaining the cancellation of a mortgage from the prosecutrix sufficiently charges a forcible trespass which alleges that the defendant "unlawfully, violently, forcibly, injuriously and with a strong hand and threats and cursing, did compel the prosecutrix to sign an order directing the cancellation of a specified chattel mortgage recorded (as described) in the office of the Register of Deeds," etc.

CRIMINAL ACTION, tried before *Ferguson, J.,* and a jury, at June Term, 1907, of the Superior Court of FORSYTH County.

The defendant was indicted on the following bill:

"The jurors for the State, upon their oaths, present: That E. S. Tuttle, late of Forsyth County, on 9 January, 1906, did execute unto V. R. Anderson a certain chattel mortgage, therein conveying certain personal property to secure unto the said V. R. Anderson the payment of the sum of $100 at the maturity of a note in like amount, which said chattel mortgage was duly recorded in the office of the Register of Deeds of Forsyth County. That the said E. S. Tuttle afterwards, to-wit, on the first day of January, 1907, with force and arms, at and in the county aforesaid, unlawfully, violently, forcibly, injuriously and with a strong hand, and by threats and cursing, did compel the said V. R. Anderson to sign an order directing the cancellation of the said chattel mortgage so recorded in the office of the Register of Deeds of Forsyth County, against the will of the said V. R. Anderson and against the protest of her, the said V. R. Anderson, to the great damage of her, the said V. R. Anderson, to the evil example of others in like case offending, against the form of the statute in such cases made and provided, and against the peace and dignity of the State."

STATE *v.* TUTTLE.

The defendant made a motion to quash, and excepted to its refusal.    After verdict, he moved in arrest of judgment, which motion being denied also, he again excepted and appealed. ·

*Assistant Attorney-General Clement* for the State.
*Lindsay Patterson* and *F. T. Baldwin* for defendant.

CLARK, C. J.    The indictment sufficiently charges a forcible trespass.    It alleges that the defendant "unlawfully, violently, forcibly, injuriously and with a strong hand, and by threats and cursing, did compel the said V. R. Anderson to sign an order directing the cancellation of the said chattel mortgage so recorded in the office of the Register of Deeds of Forsyth County, against the will of the said V. R. Anderson and against her protest, to her great damage," etc.

Suppose the allegation had been that the defendant had slapped a pistol to the prosecutrix's head and thus compelled her to sign a check or do any other act.    It is the show of force and compelling the doing of an act against the will of the prosecutrix which makes a forcible trespass.    No assault need appear in the indictment.    Wharton Cr. Law (10th Ed.), sec. 1092; also, *State v. Mills,* 13 N. C., 423, where *Judge Ruffin* says that an actual breach of the peace is not necessary, and that, while there must be something more than a mere civil injury, it is a forcible trespass if the act tends to a breach of the peace by being done in the presence of the prosecutor, "to his terror or against his will."    Certainly the violence, threats and cursing towards a female, which caused her against her will to sign an order for cancellation of a mortgage held by her against the defendant, were terror and violence making a forcible trespass.

In *State v. Tolever,* 27 N. C., 454, the Court sustained an indictment for forcible trespass which charged that the defendants did "curse, abuse and threaten" a woman and throw a dead cat into her house through the open door.    It was not

charged there, as here, that the terror compelled her to do any act against her will.

The gist of the offense is the violence and intimidation. That is sufficiently charged when it is alleged that the violence, cursing and threatening made the woman, against her will and protest, sign the order to cancel on the record the mortgage which she held against the defendant.    In *State v. Mills,* 104 N. C., 907, the indictment was not quashed, but the Court held that the facts found by the special verdict did not constitute forcible trespass, because "there was nothing done or said which should have intimidated or overawed a man of ordinary firmness."    But the allegation of the bill in this case is that the woman was intimidated by the violence, threats and cursing, and that to the extent that the defendant compelled her to sign the paper he wanted, against her will and protest.

In *State v. Gray,* 109 N. C., 790, the defendant was held guilty on a special verdict, where, without violence, he procured of a female a due bill, and by using rough language intimidated her so that she made no effort to take it back. Here the defendant took and carried away the paper which he made the prosecutrix sign, against her will and protest, by his violence, threats and cursing.

In *State v. Armfield,* 27 N. C., 207, which is very like this case, the Court held that the indictment was sufficient, and sustained the charge of the trial Judge, which was, in part, as follows: "That it was not a necessary constituent of such an offense that the individual whose rights were violated should oppose the seizing or taking away of his property by force, provided he were overawed and prevented from doing so by a superior force and a disinclination to engage in a breach of the peace."

"Whenever a man, either by his behavior or speech, gives those who are in possession just cause to fear that he will do them some bodily hurt if they will not give way to him," he is guilty of forcible trespass.    Archbold Cr. Pr. and Pl., p. 1133.

"No particular words are necessary in the indictment at common law; all that is required is that it should appear by the indictment that such force and violence have been used as constitute a public breach of the peace" (*ib.,* 1134), or tend thereto. *State v. Mills,* 13 N. C., 423.

The charge is sufficiently made, and it appears that the jury had no difficulty in finding the proof sufficient. There is no exception to the evidence or to the charge of the Court.

Affirmed.