BENJAMIN C. JOHNSON et al., Administrators, etc., Appellees, v. HAWKEYE COMMERCIAL MEN'S ASSOCIATION, Appellant.

INSURANCE: Accident Insurance—Non-Liability "When Violating
1 Law"—Trespass. The provision of an accident insurance policy, to the effect that the insurer shall not be liable if the insured is injured or killed "when violating the law," is not violated by the insured passing over a fence upon a railroad track at a point in the fence used daily by the public for many years.

INSURANCE: Injured "When Violating the Law"—Criminal Act
2 or Trespass Only. Whether a violation of law within the meaning of a policy of insurance providing for non-liability in case the insured is killed or injured "when violating the law" must be criminal or may be a mere naked trespass to which no criminal consequences attach, quaere.

INSURANCE: Policy Payable Through Assessments—Remedy
3 Available. An action in equity is the only available remedy to enforce the payment of a policy of insurance payable through assessments.

APPEAL AND ERROR: Appeal for Delay Only—Taxation of Pen-
4 alty. An appeal manifestly taken in order to delay payment of the judgment will be penalized by an award of damages. In instant case, five per cent. of the judgment is awarded. (Sec. 4141, Code, 1897.)

*Appeal from Marshall District Court.*—HON. C. G. LEE, Judge.

TUESDAY, MAY 18, 1915.

REHEARING DENIED SATURDAY, SEPTEMBER 25, 1915.

ACTION on a certificate of insurance resulted in a decree as prayed. The defendant appeals.—*Affirmed.*

*Boardman & Lawrence,* for appellees.

*Bradford & Johnson,* for appellant.

LADD, J.—Francis P. Fredenhagen became a member of the defendant association November 6, 1911. He was on his way to the depot at La Grange, Ill., and, in undertaking to pass over a stile in the fence along the tracks, fell. This fence was made of pickets, and at this place there was an opening and two or three pieces of 1x2 or 2x4 were nailed crossways, so that one might step on these in going over. As he stepped on one of them and swung his foot over to go down on the other side, the piece on which his foot rested gave way, precipitating him on the track, where his legs were run over by an approaching engine and caboose. He died the same evening. This passage had been commonly used by the public for many years. He was in good standing in the defendant association, and in this action, the administrators seek to recover an indemnity provided in Sec. 2 of Art. 6 of the by-laws of the association, which provides that "Whenever a member in good standing shall, through external, violent or accidental means, receive bodily injury which shall, independent of all other causes, result in death within 90 days from said accident, the beneficiary named in his application for membership, or his heirs if no beneficiary is named therein, shall be paid, within 90 days after the receipt by the association of proof satisfactory to the board of directors of said injuries and of the accidental cause thereof, the proceeds of one assessment of $2.00 upon each member in good standing, but in no case shall such payment exceed the sum of $5,000, which shall be paid in full satisfaction of all liability to said deceased member, his beneficiary, heirs or legal representatives, and shall be in lieu of the weekly indemnity due to said member."

I. It is not questioned that death was occasioned through violent and accidental means, but defendant contends that inasmuch as, by the contract, defendant was not to be liable if the assured was killed "when violating the law," there can be no recovery. *Matthes v. Assn.*, 110 Iowa 222. This is on the theory that the common law was in force in Illinois, and therefore, in going through the fence onto the railroad

1. INSURANCE: accident insurance: non-liability "when violating law": trespass.

tracks, defendant was committing the crime of trespass. At common law, however, a mere trespass on the land of another was not an indictable offense, and the injury, if any, could be redressed only in a civil action. To constitute a criminal offense, the act must have amounted to a breach of the peace, or have had a tendency to break the peace. Bishop's New Cr. Law, Secs. 538, 539; 2 McClain's Cr. Law, Sec. 823. As said in *State v. Mills,* 104 N. C. 905, "To constitute the offense of forcible trespass, there must be either actual violence used, or such demonstration of force as was *calculated* to intimidate or alarm or involve or tend to a breach of the peace. *State v. Pearman,* 61 N. C. 371. The show of force must be such as to create a reasonable apprehension in the adversary that he must yield to avoid a breach of the peace." The 'very gist of the offense is said to be the high-handed invasion of the actual possession of another. See *Com. v. Taylor,* 5 Binn. (Pa.) 277; *Henderson v. Com.,* 8 Gratt. (Va.) 708. It is manifest that even though crimes at the common law are punishable in Illinois, there was no offense in the instant case.

There is a conflict in the authorities as to whether the violation of law to constitute a defense must have been criminal, as was held in *Cluff v. Mutual Benefit Life Ins. Co.,* 13 Allen (Mass.) 308, or might be merely a trespass against property or other infringement of civil rights to which no criminal consequences are attached, as held in *Bloom v. Franklin Life Ins. Co.,* 97 Ind. 478 (49 Am. R. 469). See also *Travelers' Ins. Co. v. Seaver,* 19 Wall. 531 (22 L. Ed. 155). But as the point has not been argued, we do not decide it, and merely pass on the issue of fact by saying that there was no proof of deceased's having trespassed on the railroad property. The evidence that the stile had existed since the construction of the fence and had been made use of every day for 10 or 12 years, in passing to and from the depot by the public generally having to go that way, was

2. INSURANCE: injured "when violating the law": criminal act or trespass only.

undisputed, and conclusively established the existence of a license on the part of the railway company to pass by that route to and from the depot. This being so, the deceased, in going by way of the stile, was not a trespasser, and therefore he was not violating any law, civil or criminal.

II. The obligation of the association to levy on its members assessments, and pay the proceeds to the beneficiary, disposes of the defendant's contention that the cause should

3. INSURANCE:
policy payable
through as-
sessments:
remedy avail-
able.

have been transferred to the law side and tried to a jury. *Rambousek v. Supreme Council*, 119 Iowa 263; *Frank v. Assn.*, 151 Iowa 684. If the petition was not as specific as it might have been, no objection was interposed, and the answer clearly showed that the only remedy available was in equity. There was no error, then, in overruling the defendant's motion to transfer to the law side of the calendar.

III. The plaintiff moves that damages be assessed against the defendant under Sec. 4141 of the Code, providing that the court, "if satisfied by the record that the appeal was

4. APPEAL AND
ERROR: appeal
for delay only:
taxation of
penalty.

taken for delay only, may award as damages a sum not exceeding 15 per cent." on the judgment. Incurring the costs by taking appeal, such as the printing of the abstract and arguments and the liability for the printing of the argument of the appellee, is a strong circumstance tending to show good faith, but not conclusive. *Ragan v. Day*, 46 Iowa 239. If it were reasonable to suppose that counsel had been mistaken in the points raised on the appeal, the defendant should be given the benefit of the doubt, but counsel for the defense are learned and experienced lawyers and it is inconceivable that they seriously interposed the defense heretofore discussed. The only explanation is that the appeal was taken for the purpose of postponing payment, and we are of the opinion that the case is a proper one for the assessment of a penalty, as authorized by the statute. Accordingly, a penalty

of 5 per cent. is assessed against the defendant as a part of the judgment.—*Affirmed.*

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.