STATE v. HARRISON SKEEN.

(Filed 9 November, 1921.)

**1. Criminal Law—Larceny—Evidence—Nonexpert—Opinion Upon Collective Facts.**

Where there is evidence that a witness tracked a stolen automobile to the house of the accused, where he found both him and the car, his further testimony descriptive of the defendant's appearance, that "his clothes were damp, shoes muddy, looked like. Didn't look like they had been unlaced in several days," is not objectionable as opinion evidence of a nonexpert witness, but admissible under the rule that such instantaneous and ordinary conclusion of the mind may be received as a short-hand method of giving the facts as they appeared to the witness, or were presented to his senses at one and the same time.

**2. Criminal Law—Larceny—Aiding and Abetting—Accessory—Evidence—Instructions.**

Where there is evidence that the defendant stole the automobile of which he was accused, and that his appearance or muddy condition indi-

cated he had been riding therein, and he contends, with his evidence, that some one else had stolen the car and left it in his yard, where it was found, an instruction to the jury is not erroneous that the defendant would be guilty if he had stolen the car or abetted others therein, upon the principle that one who aids and abets another in the commission of a crime is equally guilty with him.

APPEAL by defendant from *Finley, J.,* at February Term, 1921, of DAVIDSON.

Criminal prosecution, tried upon an indictment charging the defendant with the larceny of a Ford automobile, with a count in the bill charging him with receiving same, knowing it to have been stolen.

The defendant entered a plea of not guilty, and offered evidence tending to establish an alibi, or that, at the time in question, he was some twelve or fifteen miles from the scene of the crime.

Upon the traverse, thus joined, there was a verdict and judgment against the defendant, from which he appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Raper & Raper, Hastings & Whicker, and McMichael & Johnson for defendant.*

STACY, J. The defendant's first exception is to the admission, over his objection, of the following evidence:

T. A. Sink testified: "Am a neighbor of Mr. Stuart; not related to him. Heard about stolen car about 20 minutes after one; got up and dressed, met them and got in car. · Tracked car to Skeen's house, 11 or 12 miles. Skeen's in Abbotts Creek Township. Got out of Nifong's car and tracked car to house. Skeen came out—clothes damp—shoes muddy—looked like. Didn't look like they had been unlaced in several days."

Defendant bases his objection to this evidence upon the ground that the witness should have been confined to a statement of the facts without giving any opinion, or stating what impressions he gathered from the circumstances as they appeared to him at the time. We do not think the testimony of this witness is objectionable as incompetent opinion evidence. He stated the facts leading up to the meeting, and then undertook to describe the defendant's appearance: "His clothes were damp— shoes muddy—looked like. Didn't look like they had been unlaced in several days." This was only a short-hand method of giving the facts as they appeared to the witness. It was proper for him to state "the instantantous conclusions of the mind as to the˙appearance, condition, or mental or physical state of persons, animals, and things, derived from observation of a variety of facts prevented to the senses at one and the

same time." McKelvey Ev., 174; *Hudson v. R. R.,* 176 N. C., 488. "It would be a hopeless task for the most gifted person to clothe in language all the minute particulars, with their necessary accompaniments and qualifications, which have led to the conclusion which he has formed." *Dewitt v. Barley,* 9 N. Y., 371; 22 C. J., 551; *S. v. Spencer,* 176 N. C., 709.

The second exception is to the following portion of his Honor's charge: "If you are satisfied from this testimony beyond a reasonable doubt that the defendant is guilty of stealing the car, either by stealing it himself (or aiding and abetting others in stealing it), you will find him guilty; if not so satisfied, you will find him not guilty."

The defendant objects to the expression in parentheses, "or aiding and abetting others in stealing it," but we are unable to see any error in this statement. The defendant contended that some one else had stolen the car and left it in his yard. This was entirely sufficient to support the charge, especially when coupled with evidence of the defendant's damp clothes and muddy shoes, from which it could reasonably be inferred that he too had been riding. The law is well settled that where two persons aid and abet each other in the commission of a crime, both being present, both are principals and equally guilty. *S. v. Jarrell,* 141 N. C., 722; *S. v. Fox,* 94 N. C., 928.

The other exceptions are without merit; and, upon consideration of the whole case, we conclude that the trial in the Superior Court must be upheld.

No error.