### STATE v. WALTER DAIL.

(Filed 17 February, 1926.)

**1. Receiving Stolen Goods—Evidence—Accessories—Criminal Law.**

> Evidence that the defendant was at the home of his brother when the latter purchased a car that had been stolen; that he was told to keep the car concealed for awhile, and that he helped change certain parts thereon for other parts, to conceal its identity, etc., is sufficient to take the case to the jury upon the question of his guilt.

**2. Same—Accessories.**

> Where two persons aid and abet each other in the commission of a crime, both being present, they are both liable as principals and equally guilty.

APPEAL by defendant from *Calvert, J.,* at November Term, 1925, of PERQUIMANS.

Criminal prosecution tried upon an indictment charging the defendant with the larceny of an automobile, the property of one Cahoon, valued at $300, and with receiving same, with a felonious intent, knowing at the time that it had been feloniously stolen or taken.

From an adverse verdict and judgment pronounced thereon, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*McMullan & LeRoy for defendant.*

STACY, C. J. It was in evidence that Walter Dail, the defendant herein, was at the home of Nathan B. Dail, defendant in a similar appeal, this day decided, when Sam Lougee and Lewis Powell were there trying to sell a stolen automobile; that Nathan purchased the car and immediately traded it to Walter, telling him not to drive it anywhere for about a month and not to let anyone see it. In making the trade and in order to obscure the identity of the stolen car, certain parts of defendant's machine were exchanged for similar parts on the stolen car. It is clear that Walter Dail was equally guilty with Nathan B. Dail in receiving the stolen automobile, with a felonious intent, knowing at the time that the same had been feloniously taken and carried away by Lougee and Powell. C. S., 4250.

The defendant's motion for judgment as of nonsuit, made first at the close of the State's evidence and renewed at the close of all the evidence, and upon which he chiefly relies, was properly overruled. The evidence was amply sufficient to carry the case to the jury. The law is well settled

that where two persons aid and abet each other in the commission of a crime, both being present, both are principals and equally guilty. *S. v. Hart*, 186 N. C., 582; *S. v. Skeen*, 182 N. C., 844; *S. v. Jarrell*, 141 N. C., 722; *S. v. Fox*, 94 N. C., 928.

In the absence of any reversible error appearing on the record, the verdict and judgment must be upheld.

No error.