## STATE v. PAUL TYNDALL AND TOM HOWARD.

### (Filed 17 November, 1926.)

**Forcible Trespass—Peaceful Entry Upon Lands — Abusive Language— Aider and Abettor.**

Where there is evidence that the defendant on trial for forcible trespass entered peacefully into the store of the prosecuting witness, and thereafter violently cursed him without provocation, and acted so as to reasonably intimidate the prosecutor or lead to a breach of the peace, the conduct of the defendant within the store is a forcible trespass sufficient to sustain the charge in the indictment, and an aider and abettor who entered with him and standing by, by his presence and conduct abetted him, is likewise liable for the offense.

APPEAL by defendant, Paul Tyndall, from *Devin, J.,* at August Term, 1926, of LENOIR.

Criminal prosecution tried upon an indictment charging the defendants, Tom Howard and Paul Tyndall (1) with forcible trespass, and (2), with forcible detainer.

On 28 December, 1925, the first Monday after Christmas, the two defendants went to the store of the prosecuting witness, Ed. Jones, with the avowed purpose, so expressed by Howard, but not by Tyndall, of "settling" with Jones for "turning up" a whiskey still, or reporting it to the officers. Both defendants were drinking, and Tyndall had a shotgun, but he at no time offered to use the gun. After buying some ginger pop for both of them, and while they were drinking it, Howard accused Jones of having reported the presence of a still in the neighborhood to the officers. This was denied by Jones, whereupon Howard began to curse Jones, using profanity and calling him a "G-d-liar." Jones protested and called his wife, who was at their home near by, to disprove the allegation. Howard continued his cursing and, after Mrs. Jones arrived, said that if Jones didn't report it, his wife did. Upon similar denial being made by Mrs. Jones, the defendant, Howard, cursed her, using the same language he had previously addressed to her husband. Both vigorously denied the charge. Mrs. Jones asked the defendants to leave the store. They did so, but as she closed the door behind them, Howard went around the store and came back in through another door. He continued to curse the prosecuting witness for several moments. After some considerable length of time, Howard left, saying that he was going to get a witness to prove that either Jones or his wife reported the still to the officers. Tyndall remained several minutes, waiting for Howard to return with his witness, but he never came back. Mrs. Jones then asked the defendant Tyndall to leave. He wanted to know what for, stating that he had done nothing, but wished to make a purchase from the store, and tried to pay her a bill which he owed; she declined to take the money and insisted that he leave, which he did.

From an adverse verdict against both of the defendants, and judgment pronounced thereon, the defendant, Paul Tyndall, appeals.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Shaw, Jones & Jones for defendant.*

STACY, C. J., after stating the case: While there may be some slight contrariety of expression in the decisions as to whether a forcible trespass may be committed where the entry is peaceable *(S. v. Laney,* 87 N. C., 535), nevertheless it seems to be settled by the later cases that,

although an entry on lands may be effected peaceably and even with the permission of the owner, yet if, after going upon the premises of another, the defendant uses violent and abusive language and commits acts such as are reasonably calculated to intimidate or lead to a breach of the peace, he would be guilty of a forcible trespass, for "It may be, he was not at first a trespasser, but he became such as soon as he put himself in forcible opposition to the prosecutor." *S. v. Wilson,* 94 N. C., 839; *S. v. Talbot,* 97 N. C., 494; *S. v. Gray,* 109 N. C., 790; *S. v. Tuttle,* 145 N. C., 487; *S. v. Davenport,* 156 N. C., 596; *S. v. Oxendine,* 187 N. C., 658.

Under the decisions, we think it is clear that Howard's conduct amounted to a forcible trespass. Tyndall was also present, with a show of force, or, at least, he was aiding and abetting Howard in what he did. This rendered him guilty too. *S. v. Skeen,* 182 N. C., 844. If two persons aid and abet each other in the commission of a crime, both being present, both are principals and equally guilty. *S. v. Hart,* 186 N. C., 582; *S. v. Jarrell,* 141 N. C., 722.

No error.