STATE OF NORTH CAROLINA v. BARBARA K. BIRKHEAD, DAVID B. BIRKHEAD, MARTIN C. SMITH, WILLIAM H. MATTHEWS

No. 7910SC1176

(Filed 2 September 1980)

1. **Trespass § 13— forcible entry — instructions on required force proper**

In a prosecution of defendants under G.S. 14-126 for forcible entry, the trial court did not err in instructing the jury that the multitude of persons entering the property would be sufficient to constitute the required force and that the only force required was the force necessary to remain on the premises after having been requested to leave, since defendants acted in concert with approximately twenty other persons in staging a sit-in at the

premises of a utility company; their number was of such magnitude that only by yielding to their continued presence could the utility avoid a breach of the peace, once defendants and their companions had refused to leave as requested; and in such a situation, the original entry, though peaceful, became unlawful, though no other force was used.

2. **Trespass § 13– forcible entry – instruction on expulsion not required**

   In a prosecution of defendants under G.S. 14-126 for forcible entry where defendants staged a sit-in on the premises of a utility company, the trial court did not err in failing to instruct the jury that to convict defendants of forcible entry, it must find that defendants expelled the utility from its premises.

3. **Trespass § 13– forcible entry – sit-in at utility company – sufficiency of evidence**

   In a prosecution of defendants under G.S. 14-126 for forcible entry, evidence was sufficient to be submitted to the jury where it tended to show that Carolina Power & Light Co. was the owner of an estate at 411 Fayetteville Street in Raleigh; defendants and twenty other demonstrators staged a sit-in in the eleventh floor lobby even though they were asked to leave by a properly identified Carolina Power & Light official; the group's occupation of the lobby caused some Carolina Power & Light employees to alter their mail deliveries and others to forego use of the lobby; and Carolina Power & Light officials allowed the demonstrators to remain because they were without means to remove the demonstrators without breaching the peace.

APPEAL by defendants from *Clark (Giles R.), Judge.* Judgments entered 16 August 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 24 April 1980.

The State's evidence tends to show that on 9 April 1979 around 10:00 a.m., defendants along with twenty other demonstrators entered the premises at 411 Fayetteville Street occupied by Carolina Power and Light Company (hereinafter CP&L). Their stated purpose was to stop construction of the Shearon Harris Nuclear Plant being built by CP&L. Upon entry into the lobby of the building, the demonstrators were met by Mr. C.H. Cline, Jr., manager of the corporate headquarters facility at 411 Fayetteville Street, who asked if he could be of assistance. Someone in the group said, "No," and said that they were going to the twelfth floor to talk to some executives of the company. The group proceeded into two of the high-rise elevators and pushed the elevator button for the twelfth floor. A CP&L official in each elevator stopped the elevators on the eleventh floor. The demonstrators were informed that there was no space on the twelfth floor to accommodate them and

were asked to go into a conference room on the eleventh floor. The demonstrators got off the elevators, entered the eleventh floor lobby, formed a circle around the lobby with interlocked arms and stated that "they were not going to leave the elevator lobby until all construction was stopped on the Shearon Harris Nuclear Plant."

Due to the presence of the demonstrators, CP&L officials were denied full access to the eleventh floor; its mailroom employees were forced to change their delivery routes; and a meeting scheduled to be held in the conference room by CP&L executives was cancelled. During the period of occupation, the demonstrators sang songs and clapped. Between 3:00 p.m. and 3:30 p.m., Mr. Cline identified himself to the group and asked them to leave the premises. They refused. Around 6:30 p.m., defendants along with other members of the group were arrested by members of the Raleigh Police Department and charged with violation of G.S. 14-126.

Defendants' evidence tended to show that the eleventh floor lobby was freely accessible to CP&L officials and that no violence occurred, nor were any threats made. On the contrary, they and the CP&L officials joked, talked about matters of common interest, and were extremely cordial to each other.

Defendants were convicted of violation of G.S. 14-126 in District Court, appealed to Superior Court, and were convicted of the offense in Superior Court. From judgments entered, they appeal.

*Attorney General Edmisten, by Associate Attorney William R. Shenton, for the State.*

*Deborah Greenblatt, for defendant appellants.*

ERWIN, Judge.

[1] Defendants' initial assignment of error is that the trial court erred in charging the jury that the only force required to constitute forcible entry would be the force necessary to remain on the premises after having been asked to leave. Under the

State v. Birkhead

facts as disclosed by the record, we find no prejudicial error in the charge.

To constitute the offense of forcible trespass, there must be a demonstration of force, as with weapons or multitude of people, so as to make a breach of the peace or directly tend to it, or be calculated to intimidate or put in fear. *State v. Covington,* 70 N.C. 71. "The gist of the offense of forcible trespass is the high-handed invasion of the actual possession of another, he being present forbidding," *State v. Earp,* 196 N.C. 164, 167, 145 S.E. 23, 25 (1928), and the other need not be put in fear; it is only necessary that the force be such that the party in possession must yield to avoid a breach of the peace. *Id.*

In the instant case, the trial court instructed the jury, first, that the multitude of persons entering the property would be sufficient to constitute the required force. This instruction was without error. *See State v. Ray,* 32 N.C. (10 Ired.) 39; *State v. Simpson,* 12 N.C. (1 Dev.) 504. Furthermore, we find no error in the trial court's second instruction:

> "Now, as to the failure of the defendant to leave the premises, I instruct you that even though a person enters premises peacefully, if such person thereafter refused to leave the premises upon the order of the person in lawful possession of those premises, then such person would be a trespasser from the beginning and such failure to leave would constitute a forcible entry into the premises. So it is that the State must prove to you beyond a reasonable doubt that the defendant refused to leave the premises after having been ordered to do so by someone in possession of the property. The only force that is required in that instance is the force that would be necessary to remain on the premises after having been requested to leave."

Had defendants acted individually, this instruction would be clearly erroneous.[1] *See State v. Mills,* 104 N.C. 905, 10 S.E. 676

---

[1] We believe that the Supreme Court's statement in *State v. Clyburn,* 247 N.C. 455, 101 S.E. 2d 295 (1958), intimating that a mere refusal to leave by a single individual would sustain a conviction under G.S. 14-126 was mere dictum, since the court was faced with convictions under G.S. 14-134, and our case law requires a greater demonstration of force than the technical trespass.

State v. Birkhead

(1890), and *State v. Covington,* 70 N.C. 71. However, here defend-ants acted in concert with approximately twenty other per-sons in staging a sit-in. Their number was of such a magnitude that only by yielding to their continued presence could a breach of the peace be avoided, once they had refused to leave as requested. In such a situation, the original entry, though peace-ful, becomes unlawful, though no other force is used. *See* G.S. 14-126; *State v. Tyndall,* 192 N.C. 559, 135 S.E. 451 (1926); *State v. Woodward,* 119 N.C. 836, 25 S.E. 868 (1896); *State v. Davis,* 109 N.C. 809, 13 S.E. 883 (1891).

**[2]** Defendants next assign as error the trial court's refusal to instruct the jury on forcible entry as they requested.

Since their first argument that the trial court erred in its instruction on the necessary force to sustain a conviction has been rejected, defendants' similar argument under this assign-ment of error is overruled. Thus, we need only address defend-ants' argument that the trial court committed prejudicial error in not instructing the jury that to convict defendants of forcible entry, it must find that defendants expelled CP&L from the premises located at 411 Fayetteville Street. We find no error.

Defendants were convicted under G.S. 14-126. While expul-sion of possession must be alleged where actual ouster has occurred, we do not believe that such an allegation is essential when the basis for charging defendants with violation of G.S. 14-126 is because of a refusal to leave. Thus, we find the decision in *State v. Bryant,* 103 N.C. 436, 9 S.E. 1 (1889), distinguishable and hold that the trial court did not err in refusing to instruct on expulsion.

**[3]** Defendants' final assignment of error is that its motion to dismiss should have been granted, based on their foregoing argument of insufficiency of force. Since we have already re-jected the contention as to sufficiency of evidence of force, we need only consider the sufficiency of the evidence to meet the other elements.

The State's evidence tended to show that CP&L was the owner of an estate in the premises at 411 Fayetteville Street;

Toyota, Inc. v. Smith

that defendants and twenty other demonstrators staged a sit-in in the eleventh floor lobby, even though they were asked to leave by a properly identified CP&L official; that the group's occupation of the lobby caused come CP&L employees to alter their mail deliveries and others to forego use of the lobby; and that CP&L officials allowed the demonstrators to remain, because they were without means to remove the demonstrators without breaching the peace. This evidence was sufficient to withstand defendants' motion to dismiss.

In the defendants' trial, we find

No error.

Judges HEDRICK and ARNOLD concur.