STATE OF NORTH CAROLINA v. KEITH DALE WALKER

No. 8125SC867

(Filed 2 March 1982)

1. **Criminal Law § 50.1— admissibility of opinion testimony by pathologist**
    The trial court did not err in allowing a pathologist to testify that fragments found in decedent's body were "small shot that would be the type, a shotgun shell." The testimony was admissible as a shorthand statement of fact.

2. **Constitutional Law § 30— defendant's statement to witnesses—pretrial discovery**
    The trial judge did not err in allowing testimony by witnesses for the State concerning statements made by defendants when the State had not disclosed contents of such statements in defendant's discovery motion as G.S. 15A-903(a)(2) only requires the prosecutor to divulge statements made by defendant to persons acting on behalf of the State.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 12 September 1980 in Superior Court, BURKE County. Heard in the Court of Appeals 2 February 1982.

Defendant was indicted for first degree murder and was convicted of second degree murder. He appeals from a judgment of imprisonment.

*Attorney General Edmisten, by Assistant Attorney General William R. Shenton, for the State.*

*Byrd, Triggs, Mull & Ledford, by Joe K. Byrd Jr., for defendant-appellant.*

HILL, Judge.

The State's evidence tended to show that on 21 June 1980, Randy Norman and his wife had a beer keg party at their house. Defendant was invited and arrived around noon. Robert Taylor Dickerson, the decedent, arrived around 4:30 or 5:00 p.m. Various witnesses testified that they saw or heard decedent arguing with Junior Sprouse and fighting with Jerry Morgan. Decedent was asked to leave the party since he had been causing fights all night. Terry Fleming escorted decedent to his car around 9:30 p.m. As they approached the cars, decedent swung his fist at Fleming but missed. Fleming, in turn, knocked decedent down. As Fleming was turning to go back to the party, defendant came by him. "I heard a blast. I turned around and looked. . . . Dickerson was lying on the ground. Keith was standing there. Keith had a long gun in his hands."

Defendant's evidence tended to show that he talked to decedent's girlfriend and decedent told him, " 'well, by God she's with me, you leave her alone or I'll stomp your ass.' " Defendant did not encounter decedent again until he saw decedent fighting with Jerry Morgan. Defendant then decided to get his father's gun, which he had stored in Tony Fleming's truck, and go home. Upon looking for a ride, defendant saw Terry Fleming and another person "arguing, fighting like." Defendant testified that

Terry was knocking him down then, and everything, and Terry started backing off from him, and turned to walk off. As Terry turned to walk off, the boy came up off the ground and started going toward his pocket, going into his pocket, and I shot him. I thought he was coming out with a gun or something to shoot me or Terry.

[1]   In his first argument, defendant contends that the trial judge erred in allowing certain testimony by Dr. John C. Reese, a pathologist, concerning his examination of decedent's wound. Over defendant's objection, Dr. Reese testified that in the wound he found "small fragments of metal and bone and fibra (phoneticaly) disks and bits of casing-like material," which he described as "portions that we call the gun wadding and shell casing." Again, over defendant's objection, Dr. Reese stated, "My opinion is these are small shot that would be the type, a shotgun shell." Defendant argues that this testimony is opinion evidence "made by an expert witness upon matters that are not within the general scope or realm of his particular knowledge of his discipline," and therefore was erroneously admitted. We do not agree.

It is well established that "a witness may state the 'instantaneous conclusions of the mind as to the appearance, condition, or mental or physical state of persons, animals, and things, derived from observation of a variety of facts presented to the senses at one and the same time.' Such statements are usually referred to as shorthand statements of facts." *State v. Spaulding*, 288 N.C. 397, 411, 219 S.E. 2d 178, 187 (1975), *modified as to death sentence*, 428 U.S. 904, 96 S.Ct. 3210, 49 L.Ed. 2d 1210 (1976), *quoting State v. Skeen*, 182 N.C. 844, 905, 109 S.E. 71, 72 (1921). *See* 1 Stansbury's N.C. Evidence (Brandis rev. 1973) § 125, p. 389; 4 Strong's N.C. Index 3d, Criminal Law § 71, p. 283. Under this rule, our Supreme Court has allowed a police officer's testimony that an article he saw in plain view " 'is a burglary lock pick. I am not a locksmith and therefore I couldn't go into details on how it is used but I do recognize it as a burglary lock pick.' " *State v. Craddock*, 272 N.C. 160, 168, 158 S.E. 2d 25, 31 (1967). We find that Dr. Reese's testimony is analagous to that in *Craddock*; it is an admissible shorthand statement of fact. Even so, Dr. Reese "may testify to facts which are within his own personal knowledge, and particularly so with regard to what [he] may have actually seen." *State v. Hudson*, 295 N.C. 427, 433, 245 S.E. 2d 686, 691 (1978). This argument is without merit.

[2]   Defendant's second argument alleges that the trial judge erred in allowing testimony by witnesses for the State concerning statements made by defendant when the State had not disclosed the contents of such statements in defendant's discovery motion. G.S. 15A-903(a)(2) requires the prosecutor upon defendant's mo-

tion, "[t]o divulge, in written or recorded form, the substance of any oral statement made by the defendant which the State intends to offer in evidence at the trial." In *State v. Crews*, 296 N.C. 607, 620, 252 S.E. 2d 745, 754 (1979), our Supreme Court interpreted this statute only "to restrict a defendant's discovery of his oral statements to those made by him *to persons acting on behalf of the State*." (Emphasis added.) Defendant's statements to the State's witnesses in the case *sub judice* therefore are not included under G.S. 15A-903(a)(2). *See State v. Detter*, 298 N.C. 604, 260 S.E. 2d 567 (1979); *see generally State v. Crews, supra.*

In his final argument, defendant contends that the trial judge erred in denying his motions to dismiss. On a motion to dismiss,

all of the evidence favorable to the State, whether competent or incompetent, must be considered, such evidence must be deemed true and considered in the light most favorable to the State, discrepancies and contradictions therein are disregarded and the State is entitled to every inference of fact which may be reasonably deduced therefrom.

*State v. Witherspoon*, 293 N.C. 321, 326, 237 S.E. 2d 822, 826 (1977). *See also* 4 Strong's N.C. Index 3d, Criminal Law § 104, p. 541.

Our review of the evidence, including that which is not detailed here, reveals that each element of second degree murder is evident in the State's case. Defendant's claim of self-defense is not supported by sufficient evidence to compel a dismissal of the charge.

For these reasons, in defendant's trial, we find

No error.

Judges HEDRICK and BECTON concur.